**In the Matter of Thomas O. EVERY, Debtor.**

**Bankruptcy No. MM7–81–00558.**

United States Bankruptcy Court, W. D. Wisconsin.

Feb. 16, 1982.

James L. Martin, James D. Sweet, John A. Heibl, Mark Williamson, Eugene Thompson and Thomas R. Oberwetter, Madison, Wis., for creditors.

William J. Rameker of Murphy, Stolper, Brewster & Desmond, S. C., Madison, Wis., for trustee.

Ross & Stevens, S. C. by Denis P. Bartell, Madison, Wis., for Thomas O. Every, debtor.

### ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

Upon a hearing held February 16, 1982, at which Denis P. Bartell appeared for and with the debtor, Thomas O. Every, and additional appearances were made by William J. Rameker, Trustee, James L. Martin, James Sweet, John Heibl, Mark Williamson, Eugene Thompson and Thomas Oberwetter, representing creditors, the application of the debtor for dismissal of the chapter 7 proceeding filed against him as an involuntary proceeding on March 31, 1981, was considered. The debtor represented that he was prepared in the near future to tender full payment of all administration expenses and, thereafter, the only remaining creditors would be creditors who were fully secured by interests in the debtor's property or in property of the bankruptcy estate.

The debtor argued that the creditors remaining after the proposed payment of administration expenses could have adequate relief in state court proceedings and that the Bankruptcy Code was not designed for their protection and benefit.

An affidavit in opposition to the motion to dismiss was filed by T. C. Bugel on behalf of Hooper Construction Corporation and three creditors appearing at the hearing spoke in opposition to the motion to dismiss. Each objecting creditor had reduced its claim to judgment in a state court proceeding and had a judgment lien against real estate.

11 U.S.C. § 707 provides for dismissal of a bankruptcy petition for cause, after notice and a hearing. The legislative history indicates that the adequacy of the debtor's assets or the debtor's ability to repay do not constitute adequate cause for dismissal.[1] In addition, 11 U.S.C. § 305(a)(1) indicates the appropriate standard for dismissal when setting forth the causes for abstention, stating that dismissal should occur if "the interests of creditors and the debtor would be better served by such dismissal or suspension."

In this case, the creditors apparently believe that their remedies may be more swiftly and more beneficially employed in this bankruptcy proceeding. The delays inherent in a dismissal and commencement of individual foreclosure proceedings in the state court can be reasonably anticipated. Dismissal would require extended time and forbearance on the part of the creditors and to that extent would prejudice those creditors. *In re Williams*, 15 B.R. 655, 8 B.C.D. 539 (E.D.Mo.1981).

For the foregoing reasons, it is hereby

ORDERED that the motion of the debtor to dismiss his chapter 7 case be and hereby is denied.

1. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 380 (1977), S.Rep.No.95–989, 95th Cong., 2nd Sess. 94 (1978), U.S.Code Cong. & Ad.News 1978, at 5787.