**In re S.E. HORNSBY & SONS SAND AND GRAVEL CO., INC. (E.I. # 72–0792818), Debtor.**

**Bankruptcy No. 84–00649.**

United States Bankruptcy Court, M.D. Louisiana.

Jan. 25, 1985.

Richard E. Holley and Ron Macaluso, Hammond, La., for mover Stanley E. Hornsby.

William E. Steffes and Stephen C. Riedlinger, Baton Rouge, La., for petitioning creditor Michael E. Hornsby.

David S. Rubin, Baton Rouge, La., for trustee.

WESLEY W. STEEN, Bankruptcy Judge.

## REASONS FOR DENIAL OF MOTION TO ABSTAIN

This opinion is, unfortunately, the first of many that will attempt to analyze the jurisdictional maze constructed by Congress in 1984.

### I. Facts

This bankruptcy case results from, or at least is in large part founded in, difficulties between father, Stanley E. Hornsby (hereinafter "Stanley") and son, Michael E. Hornsby (hereinafter "Michael"). The debtor is S.E. Hornsby & Sons Sand and Gravel Co., Inc. (hereinafter "Debtor"), a Louisiana corporation formed about November 19, 1975.[1] Stanley was the founder of the company;[2] he donated 75% of the stock of the Debtor to his three sons (25% to each) and kept 25%. Two of Stanley's sons sold or attempted to sell their stock (50% of the company) to Michael, the third son. If this sale was effective, Michael now owns 75%, while his father, Stanley, owns 25%. Stanley alleges that the transfer was not validly accomplished because of failure to meet the requirements of stock transfer restrictions contained in the Articles of Incorporation. Some time in early 1983, the Debtor ceased to do business and ceased to have sufficient assets to pay its debts. Stanley petitioned in state court for the involuntary liquidation of the corporation, and, as a result of that petition, Terry Sibley, Certified Public Account-

1. The facts in this paragraph are derived from a set of documents labeled "Hornsby #1" introduced into evidence at the hearing on the Motion for Abstention; the hearing was held December 20, 1984.

2. It is difficult to interpret Hornsby #1 on this point. It reads as follows: "On or about the 19th day of November, 1975, plaintiff incorporated his business they (sic) are known as S.E. Hornsby & Sons Sand And Gravel Company into the defendant corporation, S.E. Hornsby &

Sons Sand And Gravel, Inc." The Court assumes that the paragraph meant to say that prior to November 19, 1975, Stanley E. Hornsby operated several businesses as sole proprietorships under the trade name of S.E. Hornsby & Sons Sand and Gravel Company; Hornsby #1 further is interpreted to mean that on or about that date Mr. Hornsby combined his separate sole proprietorships and formed a corporation which subsequently became the Debtor in this proceeding.

ant, Greensburg, Louisiana, was appointed the liquidator by the 21st Judicial District Court, Parish of St. Helena, on July 6, 1983. Approximately eight months later, attorneys for Stanley and for Michael jointly wrote a letter to Mr. Sibley; apparently Mr. Sibley had requested to be removed as liquidator; in the letter, Stanley and Michael agreed to indemnify Mr. Sibley and to hold him harmless from any loss or expense in connection with his duties as liquidator if he would agree to take no action in that capacity.

On September 7, 1984, an involuntary petition was filed against the Debtor in this Court requesting an order for relief under Chapter 11 of the Bankruptcy Code. Michael was the petitioning creditor. The involuntary petition was served September 10, 1984, on Terry Sibley, liquidator of the Debtor. No answer or other opposition was filed by Mr. Sibley. Therefore, an order for relief under Chapter 11 of Title 11 United States Code, was entered on October 16, 1984. The Court sent a notice to Mr. Sibley that the order for relief had been entered and required him to file schedules within 15 days; the notice was mailed on October 26, 1984.

On October 30, 1984, the Court received a telephone call from Mr. Sibley. He stated that he had taken absolutely no action since the date of his appointment as liquidator because he believed that all corporate assets were subject to a lessor's privilege and because the assets were held under seizure. He said that he had only a very few records of the corporation and did not know how to comply with the Court order to file schedules. Mr. Sibley stated that he did not want to respond to the Court's order and really had no interest in the progress or the outcome of the case.

The Court directed Mr. Sibley to turn over whatever corporate records he had to Mr. Steffes, attorney for the petitioning creditor in the involuntary proceeding. The Court's objective was to put the

records in the hands of someone who would respond to the Court's orders and who would safeguard the records for this proceeding. Mr. Sibley's lack of interest and concern considered with his failure to take any action in eighteen months and his indicated unwillingness to act absent some assurance of the payment of his fees indicated to the Court that there was little likelihood of his filing the schedules. Mr. Steffes is a frequent practitioner in the Court whose integrity and responsiveness to Court orders are impressive; the Court then directed Mr. Steffes to hold and to safeguard the records until further Court order.

On October 31, 1984, the Court received a letter from Mr. Sibley confirming the telephone conversation and listing the creditors of the corporation; the list names only four creditors. Michael Hornsby, the petitioning creditor, is one, whose debt is reported to be $34,066.

On October 11, 1984, Michael filed a motion for the appointment of a trustee. A hearing on this motion was held November 1, 1984. Present were William E. Steffes, Michael's attorney; Stephen Riedlinger, co-counsel for Michael; Michael, himself; and Phillip D. Peck. The grounds of the motion for appointment of a trustee were that Terry Sibley had taken no action as liquidator of the corporation and intended to take none. The motion further alleged that if the Debtor could regain possession of its property, the trustee could put the property to productive use and would thereby produce income for the Debtor that would result in recovery by creditors in excess of the amount that would be recovered otherwise. There was no opposition to the motion to appoint a trustee; notice had been given to all parties in interest on October 18, 1984. The Clerk of Court's notations show that Stanley was sent notice of the hearing as well as a copy of the Court order setting the hearing.[3]

---

**3.** This notice was apparently mailed to S.E. Hornsby, Route 1, Box 156–A, Greensburg, Lou-    isiana 70441.

There being no opposition to the appointment of a trustee, the Court appointed Phillip D. Peck who was recommended by Michael. The Court required Peck to notice creditors of his appointment and to include a statement of the amount of the bond that was set. The notice was also required to include a statement to the effect that creditors were allowed to request an increase in the bond or other relief and that if any other relief were requested, a hearing would be held at 4:15 p.m. on December 4, 1984. The record indicates that Mr. Peck sent notice to all parties in interest on November 7, 1984. No objection or request for relief with respect to the appointment of a trustee was received by the Court.

On November 7, 1984, the trustee was ordered to file schedules on behalf of the Debtor; the trustee had received the records that the Court ordered Mr. Sibley to turn over to Mr. Steffes. On November 13, 1984, David Rubin was appointed as attorney for the trustee. On December 4, 1984, the trustee filed the schedules as ordered.

The schedules confirm that the corporation ceased the active conduct of business on March 30, 1983; that on Stanley's petition the business was placed in involuntary liquidation on July 6, 1983; and that Mr. Sibley was appointed liquidator. The schedules show priority debts of approximately $4,000, an unknown amount of secured debt, and unsecured debt of approximately $140,000. Of this $140,000 unsecured debt, the schedules list approximately $120,000 as being owed to the petitioning creditor (and alleged 75% stockholder), Michael. The schedules show assets of approximately $655,000, of which $355,000 is alleged to be "hard assets" and $300,000 is alleged to be an unliquidated claim against Stanley E. Hornsby for breach of a lease. The schedules list real estate allegedly worth $180,000, consisting of a leasehold interest from Stanley. Thus, if the sched-ules are to be believed, the assets of the company are approximately $835,000 and the debts are approximately $140,000. The Debtor has little or no liquid assets, however, and the valuation of the other assets is open to serious question.

On November 26, 1984, the trustee filed Adversary No. 84–0154 against Stanley. The adversary action alleges that there was a substantial amount of litigation between the Debtor and Stanley from April 26, 1983, through and including July 6, 1983. It further alleges that in the course of this litigation, Stanley Hornsby obtained possession and sequestration of all of the assets of the Debtor. The complaint seeks an order to require Stanley to turn over to the Debtor any of its assets that are in Stanley's possession or control.

Stanley's attorneys filed a "Motion to Abstain" on November 30, 1984. The essence of his motion is that the Bankruptcy Court cannot decide state law issues and that when a state law issue arises, the Bankruptcy Court must abstain under 28 U.S.C. § 1334(c)(2). The motion and its accompanying memorandum are without foundation and completely misread the law. Stanley's attorneys should have filed a motion for relief from the stay under § 362(d), but even if the correct motion had been filed, mover would not have prevailed for reasons discussed below.

## II. The Law

28 U.S.C. § 1334(a) provides that "... the district courts shall have original and exclusive jurisdiction of all cases under Title 11." 28 U.S.C. § 1334(b) provides that the district courts shall also have jurisdiction "... of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." [4]

There are three abstention provisions in the law as it was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984.

---

4. The text of 28 U.S.C. § 1334(b) is as follows: "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11."

First, § 305 of the Bankruptcy Code provides that:

"The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if the interests of creditors and the debtor would be better served by such dismissal or suspension."

Second, 28 U.S.C. § 1334(c)(1) provides that:

"Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11."

■■■ These two abstention provisions are discretionary. A decision under 11 U.S.C. § 305 to abstain or not to abstain is not reviewable by appeal or otherwise.[5] A decision under 28 U.S.C. § 1334(c)(1) contains no separate provision governing whether it is appealable or not; presumably a decision to abstain or not to abstain under 28 U.S.C. § 1334(c)(1) would be reviewable on appeal.

■■■ The third provision regarding abstention is mandatory. 28 U.S.C. § 1334(c)(2) provides:

"Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction."

A decision to abstain under 28 U.S.C. § 1334(c)(2) is not reviewable on appeal "or otherwise." Since this § 1334(c)(2) provision governing appeal denies appeal only if the decision is made to abstain, presumably a decision not to abstain is appealable.

The preceding paragraphs are the statutory grant to district courts of jurisdiction related to Title 11 U.S.C. The district court reference of cases to the Bankruptcy Court is partially statutory and partially judicial. 28 U.S.C. § 151 provides that "In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding ..."

28 U.S.C. § 157(a) provides that each district court may provide that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for that district.

By order dated August 2, 1984, under the authority of 28 U.S.C. § 157(a), the United States District Court for the Middle District of Louisiana referred all cases under Title 11 and all proceedings arising under a case under Title 11 or arising in or related to a case under Title 11 to the bankruptcy judge for this district. 28 U.S.C. § 157(b) provides that bankruptcy judges may hear and determine all cases under Title 11 and the bankruptcy judges may also hear and determine all core proceedings arising under Title 11 or arising in a case under Title 11 that are referred to the judge; in such cases, the judge may enter appropriate orders and judgments subject to review by the district court. As applicable here, the statute states that core matters include, but are not limited to, orders to turn over

---

**5.** Section 305(c). An unsettled question is whether the absence of appeal rights applies to the Bankruptcy Court decision not to abstain or whether it applies to a district court decision. Can a party appeal a bankruptcy court abstention decision to the district court? If the answer is "no", is that result constitutional? The district court is the appropriate body to decide whether an appeal from the bankruptcy court is proper with respect to an abstention decision under § 305. There is simply no authority on point.

property of the estate. 28 U.S.C. § 157(b)(3) provides that "A determination that a proceeding is not a core proceeding shall *not* be made solely on the basis that its resolution may be affected by State law." [Emphasis supplied.]

28 U.S.C. § 157(c) provides that a bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11, but the bankruptcy judge is limited to submitting proposed findings of fact and conclusions of law to the district court; the bankruptcy judge may not enter a final order or judgment in such a case without the consent of the parties.

28 U.S.C. § 157(d) provides that the district court may withdraw any case or proceeding referred to the bankruptcy court on its own motion or on timely motion of any party, for cause shown.

Stanley's attorneys have not asserted that the jurisdictional scheme thus enacted by Congress is unconstitutional, so the Court will not address that issue. They have not moved for withdrawal of this case.

Under this jurisdictional scheme, there is a universe of four categories of cases and proceedings:

A. A case under Title 11;

B. A civil proceeding arising under Title 11;

C. A civil proceeding arising in a case under Title 11;

D. A civil proceeding related to a case under Title 11.

Unfortunately, Congress did not define these categories. We should consider them separately.

*Collier* does about as well as possible with the definition of a "case under Title 11":

"Obviously, the 'case' referred to in § 1471(a) [the predecessor of § 1334] is the case upon which all of the proceedings which follow the filing of the petition are predicated. The filing of a peti-

tion for relief constitutes commencement of the Title 11 case. From that beginning follow all of the proceedings, whether called controversies, suits, actions, or disputes that will occur in the unfolding of the case under the new Bankruptcy Code." [6]

The involuntary petition filed in this case on September 7, 1984, opened the "case." The grant of jurisdiction under 28 U.S.C. § 1334 (formerly under § 1471(a)) is original and exclusive in the district court, and was by district court order referred to the undersigned bankruptcy judge.

■ The definition of "core proceedings" under 28 U.S.C. § 157(b) has no relation at all to cases under Title 11. 28 U.S.C. § 157(b)(1) states that bankruptcy judges may hear and determine all cases under Title 11. The core/non-core dichotomy applies only to proceedings arising under Title 11 or arising in a case under Title 11.

■ The only provision for abstention that applies to Category A cases is § 305 of the Code. 28 U.S.C. § 1334(c)(1) and (2) do not apply to cases under Title 11. Those subsections only apply to abstention under categories C and D as classed above. Abstention under § 305 will be discussed later.

■ Category A refers to "cases." It is the bankruptcy case *per se.* Categories B–D refer to "proceedings." The Senate report accompanying S–2266 states that: "As used in this section everything that occurs in a bankruptcy case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under current bankruptcy law." The House report is similar: "... anything that occurs within a case is a proceeding."

Category B is defined as "proceedings arising under Title 11." As *Collier* puts it:

"What this language seems to mean is that, where a cause of action is one that either is one created by Title 11 or which

6. *Collier,* ¶ 3.01.

is concerned with what formerly were called 'administrative' matters in the sense that no adverse third party was involved (*e.g.* a dispute between the debtor and the trustee regarding a claim to exemptions), then that civil proceeding is one 'arising under Title 11.' " [7]

Category B proceedings would not arise *but for* the Bankruptcy Code. The House Report accompanying HR 8200 cites the following kinds of issues that would be proceedings arising under Title 11:

A. Claims of exemption under the bankruptcy statute;

B. Claims of discrimination against a debtor on account of his filing a bankruptcy proceeding (jurisdiction under 11 U.S.C. § 525);

C. An action by the trustee under an avoiding power of the Bankruptcy Code.[8]

The Senate report which accompanied S-2266 (the Bankruptcy Code as enacted in 1978) states as follows: "The phrase 'arising under Title 11' will enable the bankruptcy court to hear any matter under which a claim is made under a provision of Title 11."

Category C and D proceedings are not differentiated; it would appear that these phrases simply refer to civil disputes that concern the debtor but do not have their foundation in the substantive law of the Bankruptcy Code.

It is now time to apply this law to the facts of the case. The motion for abstention was filed in the bankruptcy case and not in the adversary proceeding. However, it is unclear on third (and even on fourth) reading as to whether it was meant to refer to the bankruptcy case or to the adversary proceeding. The Court will deal with both in the event that counsel inadvertently filed the motion and memorandum of authorities in the wrong case record.

To refresh one's memory along the long road of this opinion:

A. The bankruptcy case is the involuntary bankruptcy proceeding in which an order for relief has been entered under Chapter 11 of Title 11 against S.E. Hornsby & Sons Sand and Gravel Co., Inc.;

B. The adversary proceeding is a complaint against Stanley Hornsby for turnover of property allegedly belonging to the Debtor.

■ First we deal with abstention in the bankruptcy case. The memorandum in support of Stanley's motion asserts that the Court must abstain under 28 U.S.C. § 1334(c)(2). That section does not apply to a case under Title 11. 28 U.S.C. § 1334(c)(2) only applies to civil proceedings related to a case under Title 11; it does not even apply to proceedings arising under Title 11 or to proceedings arising in a case under Title 11. The memorandum of authorities cites precedent that was decided under 28 U.S.C. § 1334(c)(1), but does not argue that 28 U.S.C. § 1334(c)(1) applies.[9] But 28 U.S.C. § 1334(c)(1) does not apply to cases under Title 11, either. Therefore, the cited cases are not sound authority. 28 U.S.C. § 1334(c)(1) only applies to proceedings arising under Title 11 or to proceedings arising in or related to cases under Title 11.

■ Title 11, § 305 *does* give the Court discretion to abstain from hearing a case under Title 11. Under that section, the Court, after notice and a hearing, *may* dismiss a case under Title 11 if the interest of creditors and the debtor would be better served by such dismissal. There is no allegation in the motion to abstain or in the memorandum of authorities that creditors and the Debtor would be better served by such dismissal.[10] The thrust of Stanley's

---

7. *id.*

8. *id.*

9. Counsel would probably prefer for 28 U.S.C. § 1334(c)(2) to apply since abstention would then be mandatory, not discretionary, as under 28 U.S.C. § 1334(c)(1).

10. In fact, the principal creditor is the one who brought this action. Presumably he believes it

motion and memorandum is that this Court does not have jurisdiction to hear the case or that the Court should abstain on grounds of respect for state law if it does have jurisdiction. As demonstrated, the Court clearly has jurisdiction; the Court is not required to abstain under 28 U.S.C. § 1334(c)(2) since that section does not apply to a case under Title 11; the Court does not have authority to abstain under 28 U.S.C. § 1334(c)(1) since that section does not apply to cases under Title 11; the Court does not abstain under § 305 of Title 11 since there has been no allegation or assertion (and certainly no proof) that the interests of creditors and the Debtor would be better served by dismissal.

■ Turn now to the question of whether the Court should abstain in the adversary proceeding. 28 U.S.C. § 1334(c)(2) (mandatory abstention) does not apply. That section only applies to cases that meet the following requirements:

A. A timely motion is made;

B. The proceeding is based upon a state law claim or state law cause of action;

C. The proceeding is related to a case under Title 11;

D. The proceeding does not arise under Title 11;

E. The proceeding does not arise in a case under Title 11;

F. The action could not have been commenced in a court of the United States absent jurisdiction under 28 U.S.C. § 1334; and

G. An action is commenced and can be timely adjudicated in a state forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) does not apply to the adversary proceeding for at least two reasons. First, the proceeding arises under Title 11. The adversary action is based on § 542 of Title 11 and thus arises under

Title 11.[11] Regardless, even if this were a proceeding based on a state law claim or cause of action and only related to a case under Title 11, the final requirement of 28 U.S.C. § 1334(c)(2) would not apply; under that provision, abstention is required only if an action is commenced and can be timely adjudicated in a state forum of appropriate jurisdiction to determine the issues involved. In this case a state law dispute was filed in July of 1983 and had made absolutely no progress through and including the date of the filing of this petition. Even some months subsequent to the filing of the bankruptcy petition the state law liquidator indicated that he had no interest in pursuing the case. The Court can find no evidence to sustain an allegation that an action can be timely adjudicated in a state forum of appropriate jurisdiction. (Assuming such an allegation had been made, which it has not.)

28 U.S.C. § 1334(c)(1) does apply to the adversary proceeding. Under the provisions of that section, the Court may, in its discretion, abstain. The right to abstain may be exercised "in the interests of comity with State courts or respect for State law." The adversary proceeding in this case involves the recovery of property allegedly belonging to the Debtor. 28 U.S.C. § 1334(d) provides that the district court (and the bankruptcy court by delegation) "has *exclusive* jurisdiction of all of the property, wherever located, of the debtor as of the commencement of the case, and of the estate." [Emphasis supplied.] This Court will not abstain from deciding an issue over property within its exclusive jurisdiction when a state court proceeding regarding the same company and property has languished for more than a year in state court with no action whatever. On the contrary, because the property is within the exclusive jurisdiction of this Court, the Court should not abstain in these circumstances.

to be in his best interests to be in bankruptcy court.

11. Alternatively, the proceeding certainly arises in a case under Title 11 because it seeks the

turnover of property allegedly belonging to the Debtor. In either case, one of the requirements of 28 U.S.C. § 1334(c)(2) is not met, and, consequently, that sub-section does not apply.

Finally, the Court will not abstain from hearing the adversary proceeding under the authority of § 305 for the same reasons listed above for determining not to abstain under § 305 with respect to the case under Title 11.

■ Having analyzed the applicable law, the Court now turns to respond to specific arguments in the memorandum of authorities. The memorandum of authorities suggests that 28 U.S.C. § 157 has "carefully devised a new jurisdictional system that permits a bankruptcy judge to act only if one of two conditions are met: first, if the proceeding is a core proceeding; second, if the proceeding is not a core proceeding but is 'otherwise related to' the bankruptcy case."

This comment is wholly misplaced. Abstention relates to exercise of federal jurisdiction over a case. 28 U.S.C. § 157 assumes that federal jurisdiction will be exercised; it merely allocates the exercise of that jurisdiction between the district judge and the bankruptcy judge. If the issue is not a core proceeding, the motion should have requested that the judgment or order be issued by the district judge instead of by the bankruptcy judge. In any case, federal jurisdiction exists.

■ The memorandum supporting abstention states that "... the issues raised in the context of the litigation instituted in the state district court are issues dealing with state law only." The talisman chosen by counsel is simply incorrect. Bankruptcy Court authority is not limited to federal issues. Many (if not most) of the issues determined by the Court depend on state law. For example, in a proceeding under § 542 for turnover of property, 28 U.S.C. § 1334(c) does not apply, yet the Court must apply state substantive law to determine ownership as a necessary element of the decision concerning turnover. Additional examples abound; virtually all lien questions involve state substantive law, yet

they must be decided by the Bankruptcy Court.

The memorandum supporting abstention states that "Whether a corporation should be dissolved, as opposed to being reorganized, and the determination of ownership of movables claimed by the dissolution proceedings, can only be decided in light of applicable state law." For reasons discussed above, the Bankruptcy Court can apply state law; in fact it must. Since the Court has exclusive jurisdiction of this property under 28 U.S.C. § 1334(d), the Court must apply state law to exercise its jurisdiction.

■ The memorandum supporting abstention states that "At no juncture of these proceedings will these determinations be made in reliance upon bankruptcy law. Nor is this a core proceeding. Mover's action in state court, although seeking dissolution, does not attempt to deprive the debtor/corporation of any remedy to which it might be entitled under Title 11." In these two assertions, mover is also incorrect. Determination of whether to liquidate or to reorganize is a matter of federal law [12] in a bankruptcy case over which the district court and the bankruptcy court has exclusive jurisdiction.[13]

### III. Summary

In summary, Bankruptcy Case No. 84–00649, is a case under Title 11, United States Code; the United States District Court has exclusive and original jurisdiction under 28 U.S.C. § 1334(a). The Court declines to abstain under § 305 of the Bankruptcy Code since there has been no allegation that it would be in the best interests of creditors and the Debtor for the Court to do so and since the entire record points to the contrary. The discretionary and mandatory abstention provisions of 28 U.S.C. § 1334(c) do not apply. Under order dated August 2, 1984, the United States District Court for the Middle District of Louisiana referred Case No. 84–00649 to

---

**12.** See 11 U.S.C. § 1129, 1112(b).

**13.** 28 U.S.C. § 1334(a).

the bankruptcy judge; that referral is proper under 28 U.S.C. § 157(b).

Adversary proceeding 84–0154 is a proceeding that arises under Title 11 U.S.C.; the United States District Court has jurisdiction pursuant to 28 U.S.C. § 1334(b); the mandatory abstention provision of 28 U.S.C. § 1334(c)(2) does not apply since this is a proceeding arising under Title 11 and because it appears that it is not possible to commence an action in state court that can be timely adjudicated. The discretionary abstention provisions of 28 U.S.C. § 1334(c)(1) and of 11 U.S.C. § 305 do apply; however, the Court sees no grounds for abstention and particularly no allegation that abstention would be in the best interests of creditors. More important, 28 U.S.C. § 1334(d) provides that the court is to have exclusive jurisdiction of property of the debtor. The Court does not choose to abstain from deciding an issue concerning property over which it has exclusive jurisdiction. Under order dated August 2, 1984, the United States District Court for the Middle District of Louisiana referred Case No. 84–00649 to the bankruptcy judge; that referral is proper under 28 U.S.C. § 157(b).

### IV.  Alternative Relief

While the movants titled their motion "motion to abstain," on the fifth reading of the pleading and associated memorandum of authorities, this Court concludes that they really meant to file a motion for relief from the stay. It appears that the relief that the movants really seek is to grant relief from the stay so that State Court Proceeding No. 10,298 of the docket of the 21st Judicial District Court for the Parish of St. Helena can proceed. The referenced state court proceeding is a suit for involuntary liquidation of the Debtor. This is not an issue of abstention. Abstention involves the court's refusing to hear a case over which it otherwise has jurisdiction. Relief from the stay would allow a proceeding to continue in state court notwithstanding the provisions of Title 11 § 362(a).

Nevertheless, the mover may have had in mind the latter relief rather than the former.[14] Even assuming that the proper motion had been filed and taking the facts as presented by the mover, the Court will not grant relief from the stay for two reasons. First, § 362(d) of the Code provides that the court may grant relief from the stay for "cause"; the illustrative causes are lack of adequate protection and lack of any interest in the debtor's estate with respect to the property (such as no equity in the property and the lack of any necessity of the property in a plan of reorganization.) No such cause has been alleged, much less proved; from the allegations of the adversary action, it would appear that the trustee in the case believes that the property is very much necessary in the reorganization. The second reason why relief from the stay should not be granted is that 28 U.S.C. § 1334(d) grants exclusive jurisdiction over property of the debtor to the bankruptcy court and has exclusive jurisdiction over cases under Title 11. The state court proceeding is a liquidation proceeding. The Court should not grant relief from the stay for determination in a state court of issues over which it has exclusive jurisdiction.

---

14.  It is difficult to tell what the mover wanted. Paragraph V of the motion states: "Mover desires and is entitled to an order of this Court under Title 28 U.S.C. § 1334(c)(2), abstaining from said proceedings, and any other appropriate orders of this Court, including, but not limited to an order lifting any stay, as may be necessary to allow the orderly prosecution of this state action."