**In re PIONEER DEVELOPMENT CORP., Debtor.**

**Jay A. STEINBERG, Interim Trustee, Plaintiff,**

v.

**Michael ESPOSITO, Defendant.**

**Bankruptcy No. 80 B 3696. Adv. Nos. 81 A 4018, 82 A 3891.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Feb. 26, 1985.

Michael Tinaglia, of Leader & Tinaglia, Chicago, Ill., for Michael Esposito.

John H. Anderson, of Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for First Nat. Bank of Blue Island.

Merrill Meyer, of Rappaport & Meyer, Chicago, Ill., for Jay A. Steinberg, Trustee.

*Memorandum Opinion and Order*

JOHN G. SCHWARTZ, Bankruptcy Judge.

This matter comes before the Court upon the motion of the defendant, Michael Esposito, for abstention, pursuant to 28 U.S.C. § 1334(c) of The Bankruptcy Amendments and Federal Judgeship Act of 1984 ("1984 Act"), and the First National Bank of Blue Island's Response thereto.

The Court has examined the motion and response, has reviewed prior motions filed and orders entered in this matter, and being otherwise fully advised in the premises finds:

The present proceedings consist of three separate actions brought against Michael Esposito, the defendant. The first proceeding, No. 81 A 4018, consists of two actions, one was filed by the Trustee, Jay A. Steinberg, and is presently before the Court as the Trustee's Sixth Amended Adversary Complaint. The other action was filed by The First National Bank of Blue Island ("Bank"), a creditor of the debtor, Pioneer Development Corp. ("Pioneer"), and is entitled Intervenor's Adversary Complaint. The second proceeding, No. 82 A 3891, was also filed by the Bank and is before the Court as the Bank's Second Adversary Complaint. The defendant's motion is directed at both of these adversary proceedings.

Both the Trustee and the Bank are seeking to recover the ownership of a promissory note in the amount of $270,000.00 which Pioneer assigned to the defendant, who is the son of Angelo Esposito, the former owner and president of Pioneer. The subject note was made by Ireland's of Chicago, Ltd. and payable to Pioneer as part of the purchase of a restaurant business formerly owned by Pioneer. Among the several theories of recovery asserted in the numerous counts of the three complaints is that the assignment of the note by Pioneer was a fraudulent transfer under § 548 of the Bankruptcy Code and a preferential transfer under § 547 of the Bankruptcy Code.

This same note is also the subject of a pending state court action brought by the defendant against Ireland's to collect on the note, entitled *Michael Esposito v. Irelands of Chicago, Ltd.*, 80 L 12571. Both the Trustee and the Bank sought to enjoin the defendant from prosecuting this state court action. In November of 1982, a temporary restraining order was entered against the defendant by this Court and, upon submission to the district court, the proposed findings of fact and conclusions

of law were adopted by Judge Nicholas J. Bua of the United States District Court on December 29, 1982.

The temporary restraining order was extended numerous times before the hearings on the preliminary injunction could be concluded. During this time, the defendant presented a motion in the district court for a dissolution of the restraining order and a withdrawal of reference. Both of these motions were denied in a Memorandum Opinion and Order entered by United States District Judge Marvin E. Aspen on September 12, 1983. 33 B.R. 812.

Subsequently, on September 22, 1983, after the conclusion of extensive hearings, this Court issued a Preliminary Injunction against the defendant enjoining him "from proceeding in any manner with any suit to enforce or collect said Note."

Prior to the commencement of the trial of these matters the defendant presented a motion for abstention which the Court denied without prejudice. The defendant then presented a second motion for a withdrawal of the reference which was again denied on August 8, 1984, by United States District Judge Marvin E. Aspen.

The trial on these adversary proceedings commenced on August 15, 1984. The Trustee and the Bank adopted the evidence adduced at the prior hearings conducted on the issuance of a preliminary injunction and thereafter rested their cases. The defendant moved for a directed verdict, and this motion were denied by this Court on November 29, 1984.

On September 5, 1984, upon the defendant's motion the Court entered an order determining that the causes of action in the Trustee's Sixth Amended Complaint and the Bank's Intervenor's Adversary Complaint are core proceedings, and that the Bank's Second Adversary Complaint and amendments thereto are not core proceedings but are otherwise related to the instant bankruptcy.

The defendant, in his motion to abstain presently before this Court, relies on 28 U.S.C. § 1334(c)(2), which is the recently enacted mandatory abstention provision of the 1984 Act.

The Bank in its response raises numerous arguments against the granting of defendant's motion, the basic assertion being that the granting of the motion would work a manifest injustice due to the procedural history of this case.

The 1984 Act amended the jurisdictional grant to the Bankruptcy Courts. The jurisdictional provisions, formerly contained in 28 U.S.C. § 1471 are now contained in 28 U.S.C. § 1334 which provides as follows:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section

applied to an action affecting the property of the estate in bankruptcy.

(d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of the estate.

The effective date of these jurisdictional amendments is July 10, 1984, the date of enactment, except for 28 U.S.C. § 1334(c)(2), which shall not apply to cases pending on the date of enactment or to proceedings arising in or related to such case. Bankruptcy Amendments and Federal Judgeship Act, Pub.L. No. 98–353, § 122(b).

▪ Whereas the instant bankruptcy case was filed in March of 1980, and the various adversary complaints were filed in December of 1981 and November of 1982, the mandatory abstention provision of 28 U.S.C. § 1334(c)(2), relied upon by the defendant is clearly not applicable to the present proceedings, and accordingly if that were the only issue presented by the defendant's motion, the motion for mandatory abstention would be denied.

However, this Court must address the more basic issue, not raised by the parties, of whether this Court has the jurisdiction to entertain a motion to abstain. As previously mentioned, the predecessor of 28 U.S.C. § 1334 was 28 U.S.C. § 1471. In its entirety, 28 U.S.C. § 1471 provides:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to a cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

The decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) struck down as unconstitutional the grant of jurisdiction to the bankruptcy courts contained in 28 U.S.C. § 1471(c). *See Oklahoma Health Services Federal Credit Union v. Webb,* 726 F.2d 624 (10th Cir.1984). The remaining provisions closely parallel the new provisions of 28 U.S.C. § 1334, excepting for subsection (c)(2), the new mandatory abstention provision. The principal difference between the two statutes being that the words "bankruptcy court" do not appear within 28 U.S.C. § 1334.

However, the deletion of the words "bankruptcy court" from 28 U.S.C. § 1334(c)(1) is not solely determinative of the bankruptcy court's jurisdiction over a motion to abstain. 28 U.S.C. § 1334 must be read in conjunction with 28 U.S.C. § 157, as amended by the 1984 Act, which provides in pertinent part:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this sec-

tion, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

Upon consideration of the 1984 Act, as a whole, the bankruptcy court by referral from the district court under 28 U.S.C. § 157(a), has jurisdiction to abstain from hearing a case "arising in or related to a case under title 11". *In re Tilley*, 42 Bankr. 827 (Bankr.E.D.Va.1984). Other bankruptcy courts have exercised jurisdiction over motions for abstention pursuant to 28 U.S.C. § 1334 without addressing the jurisdictional question. *See In re Dakota Grain Systems, Inc.*, 41 Bankr. 749 (Bankr.N.D.1984); *In re Smith-Douglass, Inc.*, 43 Bankr. 616, 617 (Bankr.E.D.N.C. 1984). However, in the case of *In re Atlas Automation*, 42 Bankr. 246 (Bankr.E.D. Mich.1984) the bankruptcy court rather than enter an order merely made recommendations to the district court that it enter an order abstaining. This procedure was followed pursuant to a general order promulgated by the district court.

■ This Court concludes that pursuant to the referral provisions of 28 U.S.C. § 157, this court has jurisdiction over a motion for abstention brought under 28 U.S.C. § 1334. Having determined that this Court has jurisdiction to entertain defendant's motion for abstention, the Court will now address the instant motion. The Court's previous discussion of the effective date of 28 U.S.C. § 1334(c)(2) is dispositive of defendant's motion.

■ Although the defendant has not moved the Court to exercise its discretionary abstention under 28 U.S.C. § 1334(c)(1), given the present posture of this case and the prior orders entered in this proceeding, this Court's abstention would be totally unwarranted. As discussed previously, there has been a determination that these proceedings are core proceedings or otherwise related to the instant bankruptcy. Accordingly, the defendant's motion for abstention is denied.

NOW, THEREFORE, IT IS ORDERED that the motion of the defendant, Michael Esposito, for abstention be and the same is hereby denied.