**In the Matter of REPUBLIC OIL CORPORATION, Debtor.**

**Bankruptcy No. MM11–85–00106.**

United States Bankruptcy Court,
W.D. Wisconsin.

June 28, 1985.

**356**

J. Timothy Gratz, Madison, Wis., for debtor.

Scott G. Pernitz, Winner, McCallum, Wixson & Pernitz, Madison, Wis., for secured creditors Ben and Katherine Brown.

Howard Goldberg, Goldberg & Woods, S.C., Madison, Wis., for secured creditors Alfred Feiner and Roger Brumm.

ROBERT D. MARTIN, Bankruptcy Judge.

Republic Oil Corporation ("Republic") leased land located in Kentucky from Ben and Katherine Brown ("the Browns"), to drill for oil. In July, 1983, the Browns commenced legal action in the Circuit Court of Butler County, Kentucky, seeking a declaratory judgment that Republic had defaulted on the lease and that the Browns were entitled to terminate it. On August 5, 1983, the action was removed to the United States District Court for the Western District of Kentucky on diversity of citizenship grounds. The State Bank of Cross Plains intervened as a secured creditor of Republic in the Kentucky action with respect to its priority in the leased property.

On August 31, 1984, the Browns moved for summary judgment and requested the district court to bifurcate the action with the issue as to the validity of the oil and gas lease to be tried separately from the issues as to the security agreements and damages. In September, 1984, Republic and the Browns submitted briefs on the validity of the lease, and this issue is now before the district court.

On January 23, 1985, Republic filed for bankruptcy under chapter 11. On February 7, 1985, the Browns filed a request for relief from the automatic stay in this court to permit the legal action in Kentucky to continue. This court denied relief from automatic stay but considered the petition to be a motion for abstention.

There are three abstention provisions in the law as it was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984; two are permissive, 11 U.S.C. § 305 and 28 U.S.C. § 1334(c)(1), and one is mandatory, 28 U.S.C. § 1334(c)(2).

1. *Mandatory abstention.*

28 U.S.C. § 1334(c)(2) provides;

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, *with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section,* the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(emphasis added).

 Republic does not contest the timeliness of Browns' request for abstention. Republic also admits that there is no question that the status of the leasehold interest would be decided under the applicable provisions of Kentucky law. Republic, however, argues correctly that mandatory abstention is not applicable because the action does not fulfill the requirement "with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section." Either the Browns or Republic could have commenced an action regarding the status of the lease in a federal district court under diversity jurisdiction. 28 U.S.C. § 1332, *In Re Dakota Grain Systems, Inc.,* 41 B.R. 749, 12 B.C.D. 71 (Bankr.D.N.D.1984).

2. *Permissive abstention under 11 U.S.C. § 305.*

11 U.S.C. § 305(a) provides:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or

(2)(A) there is pending a foreign proceeding; and

(B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.

■ Section 305 is inapplicable because it concerns the bankruptcy court's power to abstain from hearing the debtor's entire bankruptcy case, 1 *Collier on Bankruptcy* ¶ 3.01, 3–44 (15th ed.1985), *see In Re Every*, 17 B.R. 685 (Bankr.W.D.Wis.1982); *In Re Martin-Trigona*, 35 B.R. 596, 11 B.C.D. 357 (Bankr.S.D.N.Y.1983); and the Browns are requesting only that this court abstain from hearing an action involved in Republic's case.

3. *Permissive abstention under 28 U.S.C. § 1334(c)(1).*

28 U.S.C. § 1334(c)(1) provides;

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Section 1334 is based upon 28 U.S.C. § 1471 of the 1978 Act, which extended 11 U.S.C. § 305 to include partial abstention. *Colliers* explains:

Section 1334(c)(1) is not unlike the philosophies that governed abstention under the 1898 Bankruptcy Act and the Bankruptcy Reform Act of 1978....

....

Section 1334(c)(1) gives the district court the power to abstain from hearing civil proceedings arising under title 11, or arising in or related to cases under title

11.... Section 1334(c)(1) thus applies to core matters as well as to related matters.

1 *Collier on Bankruptcy* ¶ 3.01, 3–43—3–44 (15th ed.1985).

■ The Browns contend that this court should abstain from hearing the instant action "in the interest of comity with state courts or with respect for state law." I will not consider "the interest of comity with state courts" in deciding whether to abstain because the Browns' previously filed action is pending in federal district court and they have not requested that court to abstain.

In the majority of nonadministrative[1] cases decided under former section 1471 and section 1334(c)(1), courts have been reluctant to abstain solely because an action involves resolution of state law. The court in *In Re Kaleidoscope, Inc.*, 25 B.R. 729 (N.D.Ga.1982), explained:

It is now a settled rule that bankruptcy abstention [under section 1471] is required only if resolution of the state law question will involve the bankruptcy court in matters of substantial public import ... and only if there exists no state court precedent that either answers the precise question presented or enables the bankruptcy court to predict with reasonable certainty the conclusion that the state courts will reach when ultimately presented with the question.

25 B.R. at 742 (citations omitted). *Accord, Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); 1 NORTON BANKR. LAW & PRAC. § 5.09, part 5-page 13 (1981). Republic argues that abstention is inappropriate in the instant proceeding because resolution of the issues will not require interpretation of any Kentucky statute or any particular expertise in state law, *e.g.* the doctrine of accord and satisfaction is well settled in Kentucky law.

While the instant case may involve some questions of state law it also involves bank-

---

**1.** Courts have regularly abstained in favor of specialized administrative tribunals. *See In Re Eastern Consolidated Utilities, Inc.*, 17 B.R. 809 (Bankr.E.D.Pa.1982); *In Re Diez*, 45 B.R. 137 (Bankr.S.D.Fla.1984).

ruptcy law because Republic is seeking to exercise its right to assume the lease under 11 U.S.C. § 365. In *In Re Tom Carter Enterprises*, 44 B.R. 605, 12 B.C.D. 536 (C.D.Cal.1984), a debtor, prior to filing his petition in bankruptcy, had entered into an agreement to purchase real property in Nevada from an estate. The estate moved for abstention pursuant to section 1334(c)(1), although no previously filed motion was pending in state court. The district court held:

> Defendant claims that abstention is appropriate because plaintiffs' claims are fundamentally grounded in Nevada State Law and have been previously resolved by a Nevada probate court. Defendant further contends that 11 U.S.C. §§ 105, 362, *365* and *541*, on which plaintiffs rely in their adversary suit do not alter rights in conflict with state law. In thus arguing that no federal bankruptcy interest exists to bar abstention, defendant fails to recognize that bankruptcy law, by its very nature, preempts certain state created rights. Adjudicating the rights to the Nevada property under the bankruptcy law is, by definition, a bankruptcy issue to be adjudicated by the bankruptcy court and not by the Nevada probate court....
>
> Therefore, because of the strong federal bankruptcy interests at stake, which a Nevada probate court has not and could not adjudicate, abstention herein is not appropriate.

44 B.R. at 610 (emphasis added). A determination in the instant action is necessary to Republic's assumption or rejection of the lease under 11 U.S.C. § 365. While Republic has the right under section 365(b)(1)(A) to assume the lease upon curing any defaults that may exist within a reasonable time, it can do so only if the lease has not been terminated under nonbankruptcy law prior to Republic's filing. 11 U.S.C. § 365(c)(3).

■ In the absence of a prior determination that the lease was terminated, it became property of the estate upon Republic's bankruptcy filing under 11 U.S.C.

§ 541, and this court has exclusive jurisdiction over it pursuant to 28 U.S.C. § 1334(d). In *In Re S.E. Hornsby & Sons*, 45 B.R. 988, 12 B.C.D. 713 (Bankr.M.D.La.1985), the court refused to abstain although an action was pending in state court.

> The adversary proceeding in this case involves the recovery of property allegedly belonging to the Debtor. 28 U.S.C. § 1334(d) provides that the district court (and the bankruptcy court by delegation) 'has *exclusive* jurisdiction of all of the property, wherever located, of the debtor as of the commencement of the case, and of the estate.' [Emphasis supplied.] This Court will not abstain from deciding an issue over property within its exclusive jurisdiction when a state cout proceeding regarding the same company and property has languished for more than a year in state court with no action whatever. On the contrary, because the property is within the exclusive jurisdiction of this Court, the Court should not abstain in these circumstances.

45 B.R. 988, 12 B.C.D. at 718.

■ This court has jurisdiction to render a final decision in the instant action. 28 U.S.C. § 157(b)(1) allows bankruptcy judges to hear and determine "all core proceedings arising under title 11, or arising in a case under title 11...." Core proceedings include matters concerning the administration of the estate. 28 U.S.C. § 157(b)(2)(A). Actions to assume or reject executory contracts are "matters concerning the administration of the estate." *In Re Turbowind, Inc.*, 42 B.R. 579 (Bankr.S.D.Cal.1984).

■ Discretionery abstention is inappropriate in the instant action because this court has exclusive jurisdiction over the lease and because the action is a core proceeding, *In Re Pioneer Development Corp.*, 47 B.R. 624, 12 B.C.D. 1049 (Bankr. N.D.Ill.1985); *Macon Prestressed Concrete*, 46 B.R. 727 (M.D.Ga.1985). It is therefore

ORDERED that Ben and Katherine Brown's motion for abstention be, and hereby is, denied.