**In the Matter of Albert J. HUDDLE-STON, Helene Ulrich Huddleston Debtors.**

**Bankruptcy No. 88-00415.**

United States Bankruptcy Court, E.D. Louisiana.

April 12, 1989.

Ronald J. Hof, Landwehr & Hof, New Orleans, La., David S. Sherman, Metairie, La., for debtor.

Steven Gremminger, U.S. Dept. of Justice, Tax Div., Washington, D.C., for U.S.

MEMORANDUM OPINION

THOMAS M. BRAHNEY, III, Bankruptcy Judge.

This matter came before the Court on an Objection to Allowance of Claim filed by the Debtors, Helene U. and Albert J. Huddleston, on June 27, 1988. The claim objected to is an Internal Revenue Service ("IRS") claim for estate taxes in the amount of $6,546,220.01, for which a Proof of Claim was filed on May 5, 1988. In response to Debtors' Objection, the United States filed, on August 24, 1988, a Motion for Leave to Withdraw Proof of Claim or, in the Alternative, to Dismiss Objection to Proof of Claim or to Continue Hearing of Objection to Proof of Claim. The matter was scheduled for hearing on September 12, 1988, and was not heard, but rather taken under advisement as a result of a telephone conference with the parties. Memoranda supporting the parties' positions were subsequently filed, as requested by the Court.

Debtors filed a Joint Voluntary Petition under Chapter 11 of the Bankruptcy Code on January 29, 1988. On January 4, 1988, a Petition had been filed in United States Tax Court seeking a redetermination of estate tax liability in connection with the estate of Madeline S. Huddleston, deceased wife of Albert Huddleston. That action is entitled *Estate of Madeline S. Huddleston, deceased, by Albert J. Huddleston, Personal Representative v. Commissioner of Internal Revenue*, No. 165-88. As aforementioned, a Proof of Claim has been filed for the alleged tax deficiency in Debtors' bankruptcy. Debtors obviously dispute the validity of this liability.

The United States' Motion asserts that the Proof of Claim was filed inadvertently and in error, as there is, at this time, no determination of estate tax liability on the part of the Debtors, and that this Court should allow withdrawal of the Proof of Claim. Alternatively, the United States asserts that the Objection to Claim was not served properly and should be dismissed for that reason. As a second alternative, the United States urges that there is significant discovery regarding the claim and

that, therefore, the hearing on the Objection should be continued. Finally, the United States contends that this Court should abstain from considering the allowance of the tax claim pending determination of the liability by the Tax Court. Debtors oppose the withdrawal of the Proof of Claim because they assert this Court can consider tax liabilities of the Debtors' estate pursuant to 11 U.S.C. § 505. After reviewing the record in this case and the Memoranda submitted by the parties, the Court finds that it should abstain from consideration of the estate tax liability involved in this case, thereby mooting the other issues raised by the parties.

11 U.S.C. § 505 states that a Bankruptcy Court *may* determine the amount or legality of any tax, fine or penalty. This statute permits this Court to consider the merits of the instant tax claim, but does not require the exercise of this jurisdiction. Furthermore, 28 U.S.C. § 1334(c)(1) provides for permissive abstention "in the interest of justice" from hearing a particular matter arising in a case under Title 11. While it is true that the language of Section 1334(c)(1) refers only to the "district court," many Bankruptcy Courts have exercised this power and ruled dispositively on permissive abstention motions. See, e.g., *In re Krupke*, 57 B.R. 523 (Bankr.W.D.Wisc. 1987); *In re Pioneer Development Corp.*, 47 B.R. 624 (Bankr.N.D.Ill.1985); *Matter of Shell Materials, Inc.*, 50 B.R. 44 (Bankr.M. D.Fla.1985); and *In re The Franklin Press*, 46 B.R. 522 (Bankr.S.D.Fla.1985). The Court in *In re Pioneer Development, supra*, at 627–28, stated that

> 28 U.S.C. § 1334 must be read in conjunction with 28 U.S.C. § 157 ... which provides in pertinent part:
>
> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
>
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgements, subject to review under section 158 of this title.

> Upon consideration of the 1984 Act, as a whole, the bankruptcy court by referral from the district court under 28 U.S.C. § 157(a), has jurisdiction to abstain from hearing a case "arising in or related to a case under Title 11." (Citation omitted).

For these reasons, the Court in *Pioneer* ultimately concluded that it had jurisdiction over an abstention motion brought pursuant to Section 1334. It should be noted that the Eastern District of Louisiana has the type of standing referral order mentioned in Section 157(a), found in the Appendix to the Rules of the United States District Court. In another previously cited case, *Matter of Shell Materials, supra*, at 46, the Court held that in the 1984 Act Congress intended for Bankruptcy Courts to handle *all* matters arising in Title 11 cases, including abstention motions, unless the matter involved the initial involvement of the District Court. This Court, following the cited precedent, concludes that it has jurisdiction to rule on the abstention issue raised by the United States' Motion.

Considering carefully the circumstances of this case, the Court is of the opinion that it is the interest of justice, and in the best interests of the parties, for the Court to abstain from determining the tax liability issue in this case. The tax case is now pending in the Tax Court, which undoubtedly has great expertise in the area of estate tax liability. The Tax Court has personnel who are already well-versed in the intricacies of tax law, whereas this Court, while it does consider tax issues, would probably have to do initial research not necessary for the Tax Court to do. As the Court stated in *In re Krupke, supra*, at 526, "[o]ccasions arise when determination of an issue is best left to a court that decides similar issues regularly, ...." (Citation omitted). Such is the case here. It is judicially economic for the tax liability questions involved in the instant case to be decided by the court whose job it is to do so. Further, the Court is not of the opinion that the Debtors will be prejudiced by hav-

ing the tax issues decided by the Tax Court, especially since the bankruptcy proceeding is far from resolved.

### ORDER

For the reasons assigned in the foregoing Memorandum Opinion entered by the Court this date,

IT IS ORDERED that the Motion for Leave to Withdraw Proof of Claim filed by the United States be, and it is hereby, GRANTED IN PART, only insofar as it raises the issue of abstention; and

IT IS FURTHER ORDERED that the remaining issues of the United States' Motion, and the Debtors' Objection to Allowance of Claim, are considered MOOT.