**In re Jerry D. NILSSON, M.D., Debtor.**

**G.S.H., INC., a California corporation, Plaintiffs,**

**v.**

**Evangeline PEMBERTON, et al., Defendants.**

**Bankruptcy No. SA 82–00356 PE.**

**Adv. No. SA 84–0464 PE.**

United States Bankruptcy Court, C.D. California.

Sept. 19, 1984.

Steven Knowles, Trope & Trope, Los Angeles, Cal., for plaintiffs.

Donald P. Tremblay, La Jolla, Cal., for defendants.

## REPORT AND RECOMMENDATION THAT ADVERSARY PROCEEDING BE REMANDED

PETER M. ELLIOTT, Bankruptcy Judge.

The plaintiffs' motion to remand this action to state court was filed on July 29, 1984. The motion is to be decided under 28 U.S.C. § 1452 which became effective July 10, 1984:[1]

(a) A party may remove any claim or cause of action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

28 U.S.C. § 1452 impliedly repealed 28 U.S.C. § 1478 which allowed removal to the bankruptcy court and for remand by that court. See *Special Supplement (1984) to Collier on Bankruptcy* (15th Ed.), Page 251.[2]

The Nilsson Chapter 11 case and all adversary proceedings arising out of or related thereto were referred to this bankruptcy court under a general reference under 28 U.S.C. § 157(a).

The threshold question is whether, as a bankruptcy judge, I can rule on the motion under the § 157(a) reference, or does § 1452 require that the district court pass upon a motion to remand?

██ An order remanding an action or a decision not to remand is not reviewable by appeal or otherwise. The Bankruptcy Amendments and Judgeship Act of 1984 represents Congress' response to the holding of the Supreme Court in the *Marathon* case by emphasizing review of the decisions of Article I bankruptcy judges by Article III district judges.

██ It would be inconsistent with that rationale for the bankruptcy judge to enter an order which is not subject to review by appeal or otherwise as provided in § 1452(b).

I will therefore make a report and recommendation and forward the same to the district court for decision.

## BACKGROUND

The above-entitled Chapter 11 case was commenced on January 29, 1982. A plan

---

1. § 122(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984.

2. The action was removed on June 26, 1984 under 28 U.S.C. § 1478.

has been confirmed which essentially provides for the satisfaction of all creditors by payment in cash or by transfer to or for the benefit of the creditors of certain tax free bonds. It is contemplated that there will be a substantial amount of bonds, several millions of dollars in face amount, remaining for the owners of the hospital after all creditors are satisfied under the plan. There is pending before me several adversary proceedings which have been consolidated which seek a resolution of which of the three separate entities are owners of the hospital and entitled to the surplus. These entities are: G.S.H., Inc., a California corporation, Dynapath Corporation, a California corporation, W.H.B. Chan & Co., a California corporation and William H.B. Chan, collectively referred to herein as "the Chan group", and Hospital Investment Properties, Ltd., a California limited partnership ("HIP"), and the debtor, Jerry D. Nilsson, M.D.

### PRESENT CONTROVERSY

The Chan group filed a civil action in the Los Angeles Superior Court on June 18, 1984 against HIP and Nilsson alleging that the Chan group and HIP have entered into a binding compromise of their differences and further alleging that Nilsson has tortiously interfered with the compromise agreement. That Superior Court action was removed to this court on June 26, 1984.

■ The issue to be decided is whether the subject matter of the action removed from the superior court arises under Chapter 11 or arises in or is related to the Chapter 11 case, 28 U.S.C. § 1334(b). I conclude that a controversy over the validity of a post-petition compromise between two of three equity claimants and the alleged post-petition tortious interference with that compromise by the third equity claimant to be so tangential to the Chapter 11 case to fall outside the scope of 28 U.S.C. § 1334(b), *In re Turner,* (C.A.2d 1983) 724 F.2d 338, citing 1 *Collier on Bankruptcy* (15th Ed.) ¶ 3.01[1][e] at 3–49. It is therefore my recommendation that the above-entitled adversary proceeding be re-

manded to the Los Angeles County Superior Court.