In re John W. KENNEDY, Debtor.

In re VANTAGE DEVELOPMENT & MANAGEMENT CORP., Debtor.

John ELKINS and Barbara Elkins, et al., Plaintiffs,

v.

X–ALPHA INT'L, LTD., et al., Defendants.

Bankruptcy Nos. B–82–1535–PHX–GBN, B–82–3068–PHX–GBN. Adv. No. 84–670–GBN.

United States Bankruptcy Court, D. Arizona.

April 24, 1985.

Brian K. Stanley, Phoenix, Ariz., for defendants.

William J. Downey, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for plaintiffs.

MEMORANDUM OF DECISION

GEORGE B. NIELSEN, Jr., Bankruptcy Judge.

Several defendants in a pending Maricopa County, Arizona Superior Court lawsuit sought Bankruptcy Court jurisdiction over the suit by voluntarily filing a removal application in this Court. 28 U.S.C. § 1452(a). Thereafter, plaintiffs' motion to remand the proceeding back to the state system was granted. Defendants now object that such remand can only be entered by the Arizona District Court. 28 U.S.C. § 157(c)(1).[1] This objection was denied on

1. Applicant's original oral objection was premised on Local District Rule 55(d)(2), which was Arizona's version of the Uniform Bankruptcy

Practice Rule implemented following *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598

April 16, 1985. Although no case law was cited in support of defendants' objection, I have located a reported decision in which a Bankruptcy Court was reluctant to enter a remand order under its own authority. *In re Nilsson*, 42 B.R. 587, 588 (Bankr.C.D. Cal.1984). Because the circumstances of this case are different, I would have respectfully declined to follow the *Nilsson* opinion had it been cited to me. I would like to express my reasons for doing so.

On November 27, 1984, defendants in this pending action, removed the matter to this Court. Adversary Docket Item 1.

None of the defendants are bankruptcy debtors: removal is premised on the argument that if plaintiffs succeed in their fraud and damage actions, defendants will seek indemnification and/or to implead debtors into the state action. Docket 1, at 2–3. Neither contingency has yet occurred: No state judgment has been rendered against defendants and no request has been made to allow debtors to be named in a state court proceeding. 11 U.S.C. § 362(d).

■ Accordingly, I remanded this action on equitable grounds back to the state system on March 5, 1985. Dockets 15, 20; 28 U.S.C. § 1452(b). Defendants now urge I vacate that order in favor of lodging proposed findings and conclusions for entry by the District Court. 28 U.S.C. § 157(c)(1). By provision of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the 1984 Amendments"), the Bankruptcy Court may hear noncore, related proceedings, but, absent consent, only the District Court shall enter a final order. 28 U.S.C. § 157(c)(1). Although the designation of items classified as "core" is open-ended, the parties state that this adversary proceeding, as presently constituted, is not a core proceeding within the meaning of the 1984 Act. 28 U.S.C. § 157(b)(2). I agree. § 157(b)(3). Regardless, there is no need to vacate the earlier remand order in favor of submission to the District Court.

■ First, only "final orders" need be entered in noncore proceedings by the Article III Court. § 157(c)(1). While not defined, Congress' use of the familiar legal expression "final order" connotes its intent that the words be given their usual legal meaning and bankruptcy interlocutory orders in noncore proceedings need not be submitted to District Court. *In re Lion Capital Group*, 46 B.R. 850, 12 B.C.D. 840, 842, BANKR.L.REP. (CCH) ¶ 70,259, at 86,-486–87 (Bankr.S.D.N.Y.1985), citing *Henry v. United States*, 251 U.S. 393, 395, 40 S.Ct. 185, 186, 64 L.Ed. 322 (1920).

■ A contrary interpretation would require wholesale referral to the District Court of every order concerning discovery, continuances or every other interlocutory order of substantive or procedural import. Congressional intent to impose such a burden on the District Court and litigants will not be presumed. *In re Lion Capital Group*, 46 B.R. 850, 12 B.C.D. at 842, BANKR.L.REP., at 86,486–87. A "final order" ends litigation on the merits; an order is not final when it merely disposes of an incidental procedural matter during the bankruptcy proceeding. *In re Tidewater Group*, 734 F.2d 794, 12 B.C.D. 862, 863 (11th Cir.1984).

In its present configuration, the state litigation is only a precursor to defendants' potential indemnification claims against debtors. Should the litigation result in a judgment against defendants, it would in no way be binding on debtors, who would still be free to litigate any available defenses of a subsequent indemnification claim. Accordingly, there may well have never been removal jurisdiction for this case in the first instance. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994–96 (3d Cir.1984) (potential indemnification claim by state court defendant not sufficiently related to bankruptcy proceeding to allow federal removal jurisdiction). However, it is sufficient for present purposes that the earlier removal

(1982). Adversary Docket Item 20. Local Rule 55 has been withdrawn in favor of congressional enactment of the 1984 Bankruptcy Amendments. P.L. 98–353; Arizona District General Order Number 128, Aug. 28, 1984, at ¶ (3).

has been remanded for equitable reasons. 28 U.S.C. § 1452(b).[2] This remand makes no final disposition of any of defendants' indemnification claims against debtors. Accordingly, it is clearly an interlocutory order. Such an order may be granted by the Bankruptcy Court without submission to the District Court for its entry of the order. *In re Lion Capital Group, supra.*

Apparently there are circumstances in which appellate review of the remand of a removed action might be allowed. *Pacor, supra,* 743 F.2d at 992–93 (construing predecessor to § 1452(b)). *See* 28 U.S.C. § 158(a); Rule 8003, *F.Bk.R.* Further, the Arizona District Court has evidenced a strong policy of referring all cases and proceedings by the enactment of no less than three separate general orders, not counting promulgation of its original post-*Northern Pipeline* uniform practice rule.

Such circumstances are not reported as present in the *Nilsson* case, decided shortly after enactment of the 1984 Amendments, where the learned court elected not to enter a remand order because of the belief it would be unreviewable. 42 B.R. at 588. Because of these differing circumstances, defendants' motion to vacate the order of remand has been denied.

---

2. The current removal statute, unlike its predecessor, speaks in terms of removal to the District Court, rather than to the Bankruptcy Court. 28 U.S.C. § 1452(a), *cf.* 28 U.S.C. § 1478(a) (1982). This is required because the 1984 Amendments allocate all original bankruptcy jurisdiction to the United States District Court. 28 U.S.C. § 1334(a), (b) (1984). That Court is permitted to voluntarily refer all, some or none of its bankruptcy cases and adversary proceedings to this Court. 28 U.S.C. § 157(a). The Arizona District Court has chosen to refer all cases and proceedings to this Court. District General Orders 126, 126(a), 128. Clearly, the instant removed proceeding is subsumed within the District referral of "all" proceedings. Because of these general referral orders, there is no need to require the duplicative act of subsequently obtaining a separate referral order for each removed case. *Cf. In re Long,* 43 B.R. 692, 12 B.C.D. 442, 445–46 (Bankr.N.D.Ohio 1984). Presumably, that is why defendants originally filed their removal petition in this Court without first attempting to obtain a referral order from the Arizona District Court.