**In re SHOWCASE NATURAL CASING COMPANY, INC., Debtor.**

**EQUIMARK COMMERCIAL FINANCE COMPANY, Plaintiff,**

v.

**Robert W. NOVACHICH and Brenda L. Novachich, Defendants.**

**Related Case No. 1–83–01227.**
**Adv. No. 1–84–0129.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 23, 1985.

Lawrence R. Elleman, Jerry S. Sallee, Cincinnati, Ohio, for plaintiff.

Richard M. Landis, Cincinnati, Ohio, for defendants.

**DECISION**

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff in this adversary proceeding is a secured creditor of Showcase Natural Cas-

ing Company, Inc., debtor in the related bankruptcy case. Defendants in this adversary proceeding are guarantors of the debt of debtor to plaintiff, and plaintiff here sues on its guaranty. The debtor is not a party in this proceeding. Defendants have answered with what is in effect a general denial, and coupled with the answer a counterclaim for malicious prosecution. An answer to the counterclaim was filed. With their answer and counterclaim, defendants filed a jury demand and on the same day, a motion to withdraw the order of reference. At that time, we were operating under the Emergency Rule which prohibited the bankruptcy court from conducting jury trials. The motion, then, was filed on the theory that because the defendants were entitled to a jury trial the matter must proceed in the district court. (Defendants at the same time that they filed the motion to withdraw the reference in this court, also filed the same motion in the district court. By order entered May 6, 1985, the district court dismissed such motion stating that "these matters properly belong in the first instance in the Bankruptcy Court.")

Shortly after the motion to withdraw the order of reference was filed, the 1984 Bankruptcy Amendments became effective, and the Emergency Rule was superseded. Defendants then decided to abandon their original motion because the Emergency Rule prohibition against jury trial in the bankruptcy court was not repeated in the 1984 Bankruptcy Amendments, and filed the motion which is before us now. That motion is a Motion to Dismiss on grounds that we are without jurisdiction over the subject matter of the case. Newly adopted 28 U.S.C. § 1334(a), confers upon the district court jurisdiction of cases under Title 11. In addition, at § 1334(b) the district courts are vested with jurisdiction (though not exclusive) "of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." Then by 28 U.S.C. § 157, it is provided that the district court may refer the foregoing to the bankruptcy court, and in this district, the dis-

trict court has put on such a general order of reference. Defendants correctly assert that the only possible basis for jurisdiction here is that the proceeding at hand is that it is one "related to a case under Title 11." Having thus correctly defined the field of battle, defendants contend that the present proceeding is not related to the underlying Showcase Natural Casing Company, Inc. bankruptcy case within the meaning of those words in the statute. The factual support for their position, they assert, is to be found in the guaranty which renders them only secondarily liable. "Only after Plaintiff has exhausted its remedies against the estate of the debtor is it in a position to pursue Defendants under their guaranty. In other words, Plaintiff's relationship as a creditor of the debtor, and the estate of the debtor, must be defined and resolved before the obligations of Defendants, as a non-debtor guarantors (sic), can be determined."

While our decision will not turn on the point, an examination of the guaranty document convinces us that it does not make defendants only secondarily liable. Instead they are unconditionally and directly liable upon the default by the debtor.

We have already determined the proper standard to be applied in resolving the question before us on this motion, in another adversary proceeding which arose in the Showcase Natural Casing bankruptcy case. That was *Equimark Commercial Finance Co. v. The First National Bank of Cincinnati et al.,* 54 B.R. 138 (Bankr.S.D.Ohio W.D.1984). We there said (p. 141):

> The test for whether a proceeding is "related" to the bankruptcy case according to that line is whether the proceeding could have some "conceivable effect" on the administration of the bankruptcy estate.

We then said (pp. 141–42):

> The requisite relationship exists because the bankruptcy case cannot be closed

until the present proceeding is resolved. That is, the claim of Equimark must be fixed before the trustee can prepare for and complete distribution of any assets to creditors. If this court were to be without jurisdiction, the basic purpose of the Bankruptcy Reform Act of 1978 would be defeated, for the basic purpost of that Act was to make it possible that bankruptcy estates be administered and closed with expedition. Before the Bankruptcy Reform Act, many matters, including the liquidation of claims were litigated in the state courts, and were subject to uncertainties and long delays which inhere in the operations of those courts. Such impediments to closing cases would be especially obvious today when speedy trial in criminal cases has overwhelmed the capacity of state courts to dispose of civil matters in a reasonable time. In the Bankruptcy Reform Act, Congress meant to provide a means to overcome these problems in bankruptcy cases.

While now, after the adoption of the 1984 Bankruptcy Amendments, we look to 28 U.S.C. § 1334 for the statement of the jurisdiction to be applied here, rather than 28 U.S.C. § 1471 which governed jurisdiction at the time of the earlier decision to which we have above referred, subparagraphs (a) and (b) in those two statutes are identical in their statements of the jurisdiction conferred upon the district courts. The "basic purpose" of Congress in the jurisdiction which it conferred to deal with bankruptcy matters therefore remains unchanged.

■ We therefore have no doubt that the present suit is within the jurisdiction conferred by Congress on the district court in bankruptcy matters. Here, the requisite relationship is to be found because if there is a holding of liability against defendants on their guaranty, this will necessarily reduce plaintiff's claim against the debtor. We are reinforced in this conclusion when we note that one of the cases upon which our conclusion in the prior case rested was *In re Hartley*, 16 B.R. 777 (Bankr.N.D. Ohio 1982), a case in which dismissal of guarantors from a suit where they were joined as parties with the debtor on grounds of lack of jurisdiction over the guarantors, was denied.

■ While the foregoing requires that we overrule the motion of defendants to dismiss, we must observe that the 1984 Bankruptcy Amendments have made a change in how this proceeding will now go forward, by contrast to that which prevailed at the time of our earlier decision in *Equimark Commercial Finance Co. v. The First National Bank of Cincinnati et al.*, supra. Those matters within the federal bankruptcy jurisdiction now, in accordance with the terms of 28 U.S.C. § 157, are divided into "core proceedings" (§ 157(b)), and related proceedings (§ 157(c)). There is no doubt that the present proceeding is of the latter kind. We may therefore only submit proposed findings of fact and conclusions of law to the district court upon which that court may enter an order, unless, of course, pursuant to § 157(c)(2), the parties to the proceeding consent to a reference to us to hear and determine and enter appropriate orders and judgments.

Defendants' motion to dismiss is overruled.

SO ORDERED.