**In re T.J. BORCHARDT and Delila Borchardt, Debtors.**

**T.J. BORCHARDT and Delila Borchardt, Appellants,**

v.

**FARMERS STATE BANK OF SHERBURN, MINNESOTA, Appellees.**

Civ. No. 3–85–1347.

United States District Court, D. Minnesota, Third Division.

Jan. 27, 1986.

Gary Koch, New Ulm, Minn., for Farmers State Bank.

Frank Stepnowski, Chicago, Ill., for debtors.

MEMORANDUM AND ORDER

MAGNUSON, District Judge.

This matter is before the court on appeal from a decision of the bankruptcy court wherein the bankruptcy court abstained from considering the adversary proceeding and remanded the matter to state court. In an Order dated July 5, 1985, the bankruptcy court determined that the debtors' application for removal of the state court claim to the bankruptcy court was improper. Accordingly, the bankruptcy court ordered that the matter be remanded to the

state court from which it originated. The debtors, T.J. and Delila Borchardt, appeal that decision, alleging primarily that the bankruptcy court was without authority to abstain or remand.

The debtors, who are engaged in farming operations, commenced a Chapter 11 bankruptcy proceeding on October 20, 1983. Shortly thereafter, appellee, Farmers State Bank of Sherburn (Farmers Bank), brought a motion for relief from the automatic stay, or in the alternative for adequate protection, and debtors brought a motion to use cash collateral. In response to such motions, the parties entered into a stipulation which contained a default provision whereby Farmers Bank would serve the debtors with written notice of default and allow 30 days for the debtors to cure said default. Upon the debtors' failure to cure the default and the filing of an affidavit by Farmers Bank documenting the same, the stipulation provided that the court could enter an order lifting the stay as to all items of personal property and real property owned by the debtors in which Farmers Bank possessed a security interest. The bankruptcy court approved the parties' stipulation in an order dated April 20, 1984.

The debtors failed to make adequate protection payments under the terms of the stipulation and on March 7, 1985, Farmers Bank filed with the bankruptcy court a motion for relief from the automatic stay, together with an affidavit of debtors' default. On April 9, 1985, 47 B.R. 879, the bankruptcy court granted Farmers Bank relief from the automatic stay, allowing the bank to commence suit in state court and foreclose its security interest pursuant to the parties' stipulation.

Consistent with the bankruptcy court's ruling, Farmers Bank commenced a claim and delivery proceeding under Minn.Stat. Ch. 565 in the district court for Martin County, Minnesota. In response, the debtors instituted the present adversary proceeding in the bankruptcy court on May 20, 1985 by filing an application for removal of the state court action. The bankruptcy court denied the removal application, finding abstention appropriate under 28 U.S.C. § 1334(c)(2), and remanded the matter to the Martin County District Court. Debtors' appeal of that order is now before the court.

Debtors' arguments on appeal consist of constitutional challenges to the bankruptcy court's authority to abstain or remand. Specifically, debtors contend that under the applicable statutes, 28 U.S.C. § 1334(c) and 28 U.S.C. § 1452(b), and consistent with the principles set forth in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), only the district court may remand a removed case or abstain from hearing such a case. The proper procedure, according to the debtors, is (1) for the district court to withdraw the automatic reference to bankruptcy court under 28 U.S.C. § 157(d), or (2) for the bankruptcy court to make a recommendation under 28 U.S.C. § 157(c)(1).[1]

Initially, the court notes the inconsistency in debtors' position with regard to the removal statute, 28 U.S.C. § 1452. Debtors filed an application for removal with the bankruptcy court for the District of Minnesota. Although debtors contend that removal was proper under 28 U.S.C. § 1452(a), that section provides for removal to *district court*. Removal of a state court case directly to bankruptcy court is in violation of the statute and the bankruptcy court may decline jurisdiction. *See Berger v. Schuler (In re Schuler)*, 45 B.R. 684 (Bankr.D.N.D.1985); *Bancohio National Bank v. Long (In re Long)*, 43 B.R. 692 (Bankr.D.Ohio 1984). Despite debtors' removal in violation of § 1452(a), they now advocate a strict reading of the statute and contend that the bankruptcy court had no

1. The parties do not thoroughly address the question of whether the present adversary proceeding is a "core" proceeding arising under 28 U.S.C. § 157(b) or a "non-core" proceeding under 28 U.S.C. § 157(c). The bankruptcy court did not issue a specific finding on this issue. However, it implicitly found the matter to be a "non-core" proceeding insofar as it abstained under 28 U.S.C. § 1334(c)(2), which is applicable only to "non-core" matters.

authority under § 1452(b).[2] While not dispositive in reaching its decision, the court will not endorse such inconsistent positions.

The court acknowledges that a literal reading of § 1452 places the authority to remand with the district court. The courts, however, have not consistently given the section such a strict interpretation. *See Elkins v. X–Alpha Int'l Ltd. (In re Kennedy)*, 48 B.R. 621 (Bankr.D.Ariz.1985). *Compare, G.S.H., Inc. v. Pemberton (In re Nilsson)*, 42 B.R. 587 (Bankr.C.D.Calif. 1984). Similarly, courts have not read the language of 28 U.S.C. § 1334(c) so restrictively as to deny bankruptcy courts jurisdiction over a motion to abstain. *See Steinberg v. Esposito (In re Pioneer Development Corp.)*, 47 B.R. 624 (Bankr.N.D. Ill.1985). Even assuming that debtors' position is correct on these issues, the court finds that a reversal of the bankruptcy court's order is unwarranted under the present circumstances.

■ Based upon their constitutional challenges, debtors seek to vacate the bankruptcy court's order and remand the matter to the bankruptcy court to allow that court to make a recommendation pursuant to 28 U.S.C. § 157(c)(1). Such a procedure is unnecessarily duplicative of the proceedings which have already taken place. In addressing a motion to remand under 28 U.S.C. § 1452(b), the bankruptcy court may appropriately make a recommendation to the district court that the case be remanded. *See In re Nilsson*, 42 B.R. 587. A recommendation under these circumstances need not be based upon a full adversary proceeding, but may consist of conclusions of law. *See In re Nilsson*, supra. *See also* 28 U.S.C. § 157(c)(1). After considering the undisputed facts in the present case, the bankruptcy court below concluded that mandatory abstention under 28 U.S.C. § 1334(c)(2) was appropriate. In addition, the bankruptcy court found that the equities of the case warranted remand. If the matter were returned to the bankruptcy court to issue a recommendation, the court is confident that the bankruptcy court's decision would be the same. Accordingly, this court considers the matter in the procedural posture of a recommendation and conducts a de novo review of the bankruptcy court's conclusions pursuant to 28 U.S.C. § 157(c)(1). By doing so, the court declines decision on debtors' constitutional challenges and avoids a needless and fruitless remand to the bankruptcy court.

Based upon a de novo review of the files and records in this matter, and the memoranda of counsel, the court concurs with the conclusions of the bankruptcy court. Accordingly, this court abstains from considering the merits of the adversary proceeding and remands the matter to the Martin County District Court.

■ Abstention from considering the present adversary proceeding is mandated by 28 U.S.C. § 1334(c)(2): the proceeding had been commenced in state court, it is related to a case under Chapter 11, and involves a state law claim for which there would be no independent basis for federal jurisdiction other than the relatedness to a Chapter 11 bankruptcy proceeding. *See State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468 (N.D.Ill.1985). Debtors oppose the abstention decision of the bankruptcy court on the substantive ground that the matter can be more effectively resolved in the context of the overall bankruptcy proceeding. Even if the court were persuaded by debtors' argument, the terms of § 1334(c)(2) are mandatory and compel abstention over this matter.

In addition to a finding of mandatory abstention, and as an alternative ground for its decision, the court concludes that the "interests of justice" warrant abstention. *See* 28 U.S.C. § 1334(c)(1). As has been characterized by the bankruptcy

---

**2.** Debtors' argument is further weakened insofar as § 1452(b) gives the power of remand to "the court to which such claim or cause of action is removed". 28 U.S.C. § 1452(b)(1984). By virtue of debtors' own removal application addressed to the bankruptcy court, and pursuant to the statute's language, the bankruptcy court was the appropriate court to remand the action.

court, the debtors have employed procedural tactics which subvert the processes and purposes of the bankruptcy rules. When the bankruptcy court granted Farmers Bank relief from the automatic stay, that court essentially determined that the state law claim should more appropriately be brought in state court. This court agrees. More importantly, this court will not be a party to debtors' tactics which effectively circumvent the bankruptcy court's order granting Farmers Bank relief from the automatic stay and authorizing the bank to pursue its state law remedies. Seeking to avoid the inevitable foreclosure, the debtors have engaged in a manipulation of the bankruptcy procedures. For the above reasons, the equities of the present circumstances warrant the court's remand.

Accordingly, IT IS ORDERED that:

1. Pursuant to 28 U.S.C. § 1334(c)(2), or alternatively 28 U.S.C. § 1334(c)(1), the court abstains from considering the merits of this adversary proceeding.

2. Pursuant to 28 U.S.C. § 1452(b) the court remands this matter to the District Court for Martin County, Minnesota.