In re Timothy F. FINLEY, Receiver for: Financial and Business Services, Inc., et. al., Debtor.

GENERAL INSTRUMENT CORPORATION and First Union National Bank, Plaintiffs,

v.

FINANCIAL AND BUSINESS SERVICES, INC., Defendant.

Bankruptcy No. 85–00809.
Adv. No. 85–0023G.

United States Bankruptcy Court, N.D. Georgia, Gainesville Division.

June 10, 1986.

Thomas D. Richardson, Brinson, Askew & Berry, Rome, Ga., Mark C. Treanor, Boutin & Treanor, P.A., Aberdeen, Md., for plaintiffs.

Penn Payne, Vaughen, Roach, Davis, Birch & Murphy, Atlanta, Ga., Travis W. Moon, Tucker, Hicks, Moon, Hodge & Cranford, P.A., Charlotte, N.C., for defendant.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Presently before the Court is plaintiffs General Instrument Corporation (hereinafter "General") and First Union National Bank's (hereinafter "First Union") motion for abstention and remand of the above-styled proceeding. Also before the Court is the motion of Timothy F. Finley, the duly appointed federal receiver of Financial and Business Services, Inc. (hereinafter "Financial"), as debtor-in-possession, to transfer these removed proceedings to the United States District Court, Western District of North Carolina, Charlotte Division. This proceeding was previously removed from the Superior Court of Gilmer County, Georgia, pursuant to 28 U.S.C. Section 1452, by Mr. Finley.

## FINDINGS OF FACT

None of the parties in this proceeding are Georgia residents. Plaintiff General is a Delaware corporation with its principal place of business in New York, New York. Plaintiff First Union is a national bank with its principal office in Charlotte, North Carolina. Defendant Financial is a North Carolina corporation with its principal place of business in Charlotte and is qualified to transact business in Georgia. Financial's registered agent in Georgia resides in Cobb County, and is R. Kenney Baker, 131 Powers Ferry Road, S.E., Marietta, Georgia 30067.

Plaintiffs filed an Application for Order Authorizing Issuance of Writ of Attachment (File No. 85V–164), in the Superior Court of Gilmer County, Georgia, on July 2, 1985. On that same date, plaintiffs obtained and executed an order for a writ of attachment and attached funds held in Financial's accounts, including a trust account, at the First State Bank of Gilmer County in Ellijay, Georgia, in the amount of $864,682.78. The funds which plaintiffs attached represent seventy-five to eighty percent of the assets of the debtor's estate. (Testimony of Timothy Finley, Transcript, at 22). This attachment is an *in rem* proceeding based upon the location of the *res* which consists of the funds on deposit in Gilmer County.

On July 8, 1985, plaintiffs filed a Declaration in Attachment (File No. 85V–167) in Gilmer Superior Court. This suit was brought pursuant to Georgia attachment law and asserts claims against Financial including common law conversion, fraud, negligent misrepresentation, conspiracy, unjust enrichment, and breach of warranty under the U.C.C. (forged endorsements). These claims arise from Financial's alleged conversion of checks payable to General or its unincorporated Jerrold Division, by endorsing and depositing the checks into its demand deposit account at First Union in North Carolina. Financial then allegedly wrote checks against the account, delivering the proceeds, less a commission, to Howard Bien who allegedly held himself out as an agent for Jerrold. See Jacoby Complaint, Exhibit F to Declaration in Attachment. Financial later established bank accounts outside North Carolina, including First State Bank in Ellijay, Georgia, and made substantial deposits in them. The attachment of the funds in Ellijay represents the State of Georgia's only connection with the underlying transactions between these parties since none of the transactions, which form the basis of plaintiffs' claim, occurred in Georgia.

Timothy Finley was appointed as Receiver for Financial on September 23, 1985 in United States District Court for the Western District of North Carolina, Charlotte Division in *Securities and Exchange Commission v. Financial and Business Services, Inc., et al.*, Civil Action No. C–C–85–46A–P. This suit was based upon alleged violations of federal securities law concerning the solicitation of interest bearing notes to raise capital. That District Court, on September 26, issued a stay order temporarily staying for a period of 60 days any state law proceedings.

Thereafter, Mr. Finley, as Receiver, obtained authorization of the District Court and filed a voluntary Chapter 11 petition on

behalf of the above-named debtor in the Western District of North Carolina on October 11, 1985. Under Section 362 of the Bankruptcy Code, the Chapter 11 petition operated as an automatic stay of all acts or actions against the debtor or its property including all pending state court suits.

Approximately ninety percent of the claims against Financial are held by its investors and are based on an alleged investment scam initiated by its former principals.

This debtor and its assets are presently engaged in multiple litigation pending in North Carolina federal and state courts. The Securities and Exchange Commission has filed the securities suit noted above. Additionally, in the Chapter 11 case filed in Charlotte, North Carolina, several adversary proceedings have been initiated against various North Carolina banks, including First Union, which seek the turnover of certain funds of Financial that the banks have "frozen". Financial's president, Arthur B. Jacoby, in his individual capacity, and Financial filed a suit against Howard Bien in the Superior Court in Mecklenburg County, North Carolina (Case No. 85–CVS–2643) in March of 1985 seeking damages in his individual capacity and for plaintiff Financial. Financial has asserted a crossclaim against Jacoby in that suit. Mr. Finley, as receiver and cross-claimant, removed the suit to the bankruptcy court but it was remanded to the state court, upon motion of Jacoby. (See Order, December 11, 1985, Exhibit B, attached to Plaintiffs' reply memorandum). In addition, a criminal indictment is pending against Jacoby, involving the check cashing scheme, in United States District Court in Charlotte.

Defendant Financial removed the above-referenced state proceedings from the Superior Court of Gilmer County to this Court, on December 6, 1985 and simultaneously filed its Motion to Transfer Removed Proceeding. Plaintiffs filed their Motion for Abstention and Remand on December 18, 1985.

## CONCLUSIONS OF LAW

■ This Court must first determine whether these matters are properly before the Court and whether a dispositive final order may be entered. The literal statutory language of 28 U.S.C. Sections 1334(c)(2), 1412 and 1452 supports the view that this Court lacks jurisdiction to hear issues of removal, remand, abstention, or transfer. The power to be exercised under these sections is conferred upon the district court. Therefore, the Court must consider whether the district court may refer these matters to a bankruptcy judge under 28 U.S.C. Section 157 for hearing and final disposition or for report and recommendation.

The district courts were granted ultimate jurisdiction over bankruptcy matters by the Bankruptcy Amendments and Federal Judgeship Act of 1984. Congress recognized the administrative difficulty in the district courts' assumption of the existing bankruptcy case load, and granted the district courts authority to refer all bankruptcy cases and proceedings to bankruptcy judges.[1] As judicial officers of the district court under Section 151, the bankruptcy judges are authorized under Section 157(b) to hear and finally decide all core proceedings, subject to review under Section 158. Non core matters may be heard by a bankruptcy judge who is required to submit proposed findings of facts and conclusions

1. Note comparison with Emergency Resolution, In re Jurisdiction of United States Bankruptcy Court adopted by the United States District Court for the Northern District of Georgia, effective December 25, 1982, which provided in pertinent part:

The judges of the district court find that exceptional circumstances exist. These circumstances include: . . . (2) the clear intent of Congress to refer bankruptcy matters to bankruptcy judges; (3) the specialized expertise necessary to the determination of bankruptcy matters; and (4) the administrative difficulty of the district courts' assuming the existing bankruptcy caseload on short notices.

Therefore, the orderly conduct of the business of the court requires this referral of bankruptcy cases to the bankruptcy judges.

of law only. The district court enters the final order or judgment on non core matters.

The District Court for this district has referred "all cases under Title 11 U.S.C. and all proceedings arising under Title 11 U.S.C. or arising in or related to a case under Title 11 U.S.C. ..." to the bankruptcy judges of this district, pursuant to its Order of July 12, 1984. This reference includes all Title 11 cases and all proceedings, including core and non core proceedings.

This Court concludes that issues of removal, remand, abstention, or transfer are "proceedings" within the meaning of Section 157(a). These are matters "concerning the administration of the estate" pursuant to Section 157(b)(2)(A) and (O), and are core matters. However, even if not included in the Section 157(b)(2) list, they would, nevertheless, appear to be core proceedings as that list "include, but are not limited to—" the listed matters. By comparison in ruling on a similar type motion, the Fifth Circuit held, in the *Matter of Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (5th Cir.1979), *cert. denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980), that a motion for change of venue involved fundamental bankruptcy issues. In a Chapter 11 context especially, the court concluded, the most important concern is whether the "transfer would promote the economic and efficient administration of the estate." *Id.; In re Leonard*, 55 B.R. 106, 13 B.C.D. 1003 (Bankr.D.D.C.1985).

The consideration of the authority of a bankruptcy judge to hear and decide these matters requires that 28 U.S.C. Section 151 and Section 157 be read and considered together with 28 U.S.C. Section 1334, Section 1412 and Section 1452. Section 151 provides that the bankruptcy judges constitute a unit of the district court and exercise the authority conferred by Sections 151–158 which indicates a congressional intent to grant district courts the power to refer any or all bankruptcy cases and proceedings to bankruptcy judges. In order to give proper effect to this congressional intent of permitting district court reference and use of district courts as appellate tribunals, Sections 1334 and 1412 must be construed together with Sections 151 and 157 as authorizing the referral of the right to exercise this authority to the Bankruptcy Court. *See In re Oceanquest Feeder Service, Inc.*, 56 B.R. 715, 14 B.C.D. 122 (Bankr.D.Conn.1986); *Krupke v. Lindemann*, 57 B.R. 523, 13 B.C.D. 1361 (Bankr. W.D.Wis.1986); *Baumgartner v. Baumgartner*, 57 B.R. 517, 14 B.C.D. 3 (Bankr. N.D. Ohio 1986). Thus, when these sections are construed together, this Court concludes that the instant motions were referred to the bankruptcy judges by the July 12, 1984 reference order and that they are "core proceedings."

This Court does not believe that the District Court referred these matters to this Court with the expectation that they would be referred back for an appropriate order. If the District Court had this intention, they would have included a specific exclusion of these matters in the general reference order. Instead, the District Court determined that "all" cases and proceedings be referred; and, to avoid a formalistic and duplicative filing, authorized these matters to be filed directly in the bankruptcy court. If this Court has committed error in its analysis, the District Court will correct it on any appeal taken pursuant to Section 158. Therefore, this Court will continue to enter dispositive orders on referred core proceedings unless and until the reference is withdrawn by the District Court under Section 157(d) as is its right.

The Court is aware that some opinions have concluded that the bankruptcy court may not enter final dispositive orders concerning an application for removal and motions to remand, abstain, or transfer. Some courts read 28 U.S.C. Section 1452(a) narrowly and have decided that a case must first be removed to the district court. Their conclusions differ over the issue of whether referral to the bankruptcy court is automatic or if a special and separate order of reference is needed. *In re Schuler*, 45 B.R. 684 (Bankr.D.N.D.1985) (automatic re-

ferral); *Helena Chem. Co. v. Manley*, 47 B.R. 72 (Bankr.N.D.Miss.1985); *BancOhio Nat'l Bank v. Long*, 43 B.R. 692, 697 (Bankr.N.D. Ohio 1984) (separate order of reference required). With regard to a motion to remand under Section 1452(b), the court in *G.S.H., Inc. v. Pemberton*, 42 B.R. 587 (Bankr.C.D.Cal.1984) concluded that a report and recommendation would be made, after a hearing in the first instance. The court in *In re Kennedy*, 48 B.R. 621 (Bankr.D.Ariz.1985) cited this decision but instead concluded that a remand order could be entered by the bankruptcy court. The court in *Kennedy, supra,* noted the absence of congressional intent to impose such a burden on district courts and approved the filing of the removal petition in the bankruptcy court.

On the mandatory abstention issue, there is authority which holds that a bankruptcy court may hear such a motion, but proposed findings and conclusions of law should be submitted to the district court. *First Landmark Dev. Corp. v. City of Pinellas Park*, 51 B.R. 25 (Bankr.M.D.Fla. 1985). This same court later held, however, that a final dispositive order could be entered denying abstention. *Shell Materials, Inc. v. First Bank of Pinellas County*, 50 B.R. 44, 46 (Bankr.M.D.Fla.1985); *Steinberg v. Esposito*, 47 B.R. 624, 628 (Bankr.N.D.Ill.1985).

Based upon the reasoning set forth herein, this Court concludes that these issues are core proceedings that have been referred to this Court by the District Court's general order of reference of July 12, 1984. Accordingly, this Court is authorized to enter a final dispositive order.

### A. *Remand*

■ A motion to remand is governed under 28 U.S.C. Section 1452(b) which allows a court to which a claim or cause of action is removed to remand it on any equitable ground. The court in *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.*, 51 B.R. 578, 582 (N.D.Ind.1985) listed the various factors for consideration as follows:

(1) duplication of judicial resources, (2) uneconomical use of judicial resources; (3) effect of remand on the administration of the bankruptcy estate; (4) case involves questions of state law better addressed by a state court; (5) comity considerations; (6) prejudice to the involuntarily removed parties; (7) lessened possibility of an inconsistent result; and (8) expertise of the court where action originated. *Baren v. Devon Bank*, 47 B.R. 39, 42–3 (Bankr.N.D.Ill.1984) *aff'd and adopted* 48 B.R. 752 (N.D.Ill.); *In re Butcher*, 46 B.R. 109, 113–14 (Bankr.N.D.Ga.1985). All of the facts listed support a decision to remand pursuant to § 1452(b) or decision to permissively abstain from adjudicating this action pursuant to § 1334(c)(1).

In this case, a duplication of judicial resources is probable since a bankruptcy court would have to determine rights in and the disposition of the attached funds. The court would also have to address whether the facts warranted a lifting of the stay in order to allow the state action to proceed. A more economical use of judicial time and effective determination of the rights of all interested parties would be accomplished by denying the remand.

Plaintiffs contend that the estate will be benefited by allowing a speedier adjudication to continue in Gilmer County. Before this matter could be placed on the Gilmer Superior Court's May or October trial calendar as alleged, plaintiffs would be required to obtain a lifting or modification of the automatic stay. This action can only be addressed by the Bankruptcy Court in the Western District of North Carolina, Charlotte Division. Then pre-trial discovery and other action would be required before the state court could proceed with the matter.

Further, determinations of plaintiffs' claims, interests in debtor's property, use of cash collateral and lifting of the stay are all "core proceedings" which must be addressed to the North Carolina Bankruptcy Court. Mr. Finley indicated at the hearing that $7.6 million of unsecured claims pres-

ently exist. The adversary proceedings pending in Charlotte are of similar factual nature to the Georgia cause of action, each concerning allegations of a check fraud scheme perpetrated by Financial's president, none of which occurred in Georgia. Plaintiffs point to the complicated state of the bankruptcy case due to the number of debtor entities involved but this Court concludes that the weightier concern is that remanding this matter would force the debtor in possession to litigate over the major source of estate funds in a jurisdiction far from where the main case is pending. Mr. Finley also testified that 580 witnesses from other jurisdictions would be potentially needed with respect to the alleged trust funds in Gilmer County. This removed proceeding does not contain questions of state law which would be better addressed by a state court due to expertise or comity concerns. Finally, plaintiffs would not be demonstrably prejudiced by allowing this matter to be heard where the main bankruptcy case itself is pending. None of the parties are residents of Georgia and First Union's principal place of business is in Charlotte while General is already a party in an adversary proceeding there. Thus, this Court is satisfied that a more efficient handling of the issues arising from the claims filed against the estate would occur in the bankruptcy court and remand should be denied.

## B. *Abstention*

█  Plaintiffs contend that the mandatory abstention provisions of 28 U.S.C. Section 1334(c)(2) are controlling in the present proceeding. This section provides in pertinent part:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely

adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise.

Mandatory abstention is not appropriate because all the elements of Section 1334(c)(2) are not satisfied. The state action in Gilmer County is composed of claims arising under state law and plaintiffs argue that their suit is related to the Title 11 bankruptcy case solely because Financial is a party to the case. However, this proceeding is more than "related to" the bankruptcy case and constitutes a matter "arising under" a provision of Title 11 since it involves both the determination and allowance of claims against the estate and interests in the estate property. Plaintiffs have attached property titled in the name of the debtor which vested in the bankruptcy estate upon the Chapter 11 filing and became subject to the exclusive jurisdiction of the bankruptcy court. *See* 28 U.S.C. Section 1334(d). Further, plaintiffs are creditors of Financial who are asserting a pecuniary claim against debtor and its property. They occupy the same relationship to the estate as Financial's other creditors. When two groups of creditors dispute proper claim over the same property of the estate, the bankruptcy court must eventually decide the ultimate question of the validity, amount and priority of each claim. Therefore, the issues presented in the removed action involve determination and allowance of claims, Section 157(b)(2)(B), turnover of property, Section 157(b)(2)(E) and determination of validity, extent or priority of liens Section 157(b)(2)(K), that are "core proceedings" to be adjudicated by the bankruptcy court pursuant to Section 157(b)(2). *See McKenny v. McGraw*, 50 B.R. 437 (Bankr.N.D. Ohio 1985).

In most instances, pre-petition claims filed against an estate are based on state law. When proofs of claim are filed they will be allowed unless an objection is filed. 11 U.S.C. Section 502(a). When an objection to a claim is filed, a contested matter is created under Bankruptcy Rule 9014. See

Advisory Committee Notes. Senator Thurmond indicated, in summarizing the abstention issue, that pre-petition claims were not subject to mandatory abstention. 129 Cong.Rec. S 5341–42 (daily ed. April 27, 1983) (remarks of Senator Thurmond).[2]

The "estate" is broadly defined in 11 U.S.C. Section 541(a). Pursuant to Section 542(a) the estate is granted a possessory right to certain property of the debtor held by another party at the commencement of the Chapter 11 reorganization case. *See United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Under the Code, secured creditors are given rights to adequate protection of their interest which replaces the safeguard afforded by possession.

With respect to these funds, the bankruptcy court in administering the estate, is given exclusive jurisdiction to hear and determine, as core proceedings, issues such as determination and allowance of claims, determination of the validity, extent or priority of liens, turn over of estate property, use of cash collateral, adequate protection for creditors, lifting and modifying the automatic stay, determination and recovery of preferences and fraudulent conveyances, confirmation of reorganization plans of the debtor, and adjustment of the equity security holder relationship.

■ Abstention under Section 1334(c)(2) is more appropriate in the factual situation demonstrated by *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), in which the estate filed a state law cause of action against a third party. *See* 1 *Collier on Bankruptcy,* ¶ 3.01, at 3–45– 46 (15th ed. 1985). The fact that only issues based on state law are presented in this proceeding is not conclusive on the abstention question. Bankruptcy Court authority is not limited to federal law issues. The Court must apply state substantive law on numerous issues in order to exercise

its exclusive jurisdiction of estate property. *See In re S.E. Hornsby & Sons Sand and Gravel Co.,* 45 B.R. 988, 997 (Bankr. M.D. La.1985); *In re Unity Foods, Inc.,* 35 B.R. 876, 879 (Bankr.N.D.Ga.1983).

■ Under Section 1334(c)(1) a court may, in its discretion, abstain from hearing a proceeding "in the interest of justice, or in the interest of comity with state courts or respect for state law...." The Court concludes that the interests of the parties and of the estate will best be served by allowing the bankruptcy court to determine the claims filed against estate property. No unsettled questions of state law are presented in these proceedings and no important state interests are implicated. Accordingly, abstention is not appropriate and plaintiffs' motion is DENIED.

#### C. *Transfer*

■ Pursuant to 28 U.S.C. Section 1412, a proceeding under title 11 may be transferred by a district court "in the interest of justice or for the convenience of the parties." As a unit of the district court and pursuant to the general reference provisions, this Court may enter an appropriate order concerning the venue determination. *See* 28 U.S.C. Sections 151, 157(a) and (b)(1); *In re Leonard,* 55 B.R. 106, 13 B.C.D. 1003 (Bankr.D.D.C.1985). This best serves the interests of all involved in properly keeping the venue decision a prompt decision. The Chapter 11 case of this debtor is currently pending in the Western District of North Carolina and the interests of justice and efficient administration of the estate would be advanced by transferring this proceeding to that district. This conclusion is further supported by the fact that the court in North Carolina has exclusive jurisdiction of all property of the estate pursuant to Section 1334(d). *See In re Dahlquist,* 53 B.R. 428, 13 B.C.D. 769 (Bankr.D.S.D.1985). Accordingly, this Court concludes that in the interest of jus-

2. There is a contrary suggestion by Senator Heflin, 129 Cong.Rec. S 7615 (daily ed. June 19, 1984) (remarks of Senator Heflin).

tice, this proceeding should be transferred to the Western District of North Carolina.

## CONCLUSION

Based upon the foregoing reasons, the Court concludes that upon application this proceeding has been properly removed to this forum and it is hereby

ORDERED that plaintiffs' motion for abstention and remand is DENIED, and it is

ORDERED that the motion to transfer this proceeding is GRANTED. The Clerk of this Court shall forthwith transmit the record in this proceeding to the Clerk of the United States District Court or Bankruptcy Court as is appropriate for the Western District of North Carolina, Charlotte Division.

IT IS SO ORDERED.