NATIONAL ACCEPTANCE COMPANY OF CALIFORNIA, Plaintiff,

v.

Leonard C. LEVIN and Myra A. Levin, Defendants.

No. CIV 87–0599 PHX EHC.

United States District Court, D. Arizona, Phoenix Division.

June 11, 1987.

Richard L. Epling, Cathy M. Holt, Brown & Bain, Phoenix, Ariz., for plaintiff.

George S. Wright, Kevin D. Ray, Lieurance, Wright & Davis, Phoenix, Ariz., for defendants.

ORDER

CARROLL, District Judge.

On October 17, 1985 plaintiff National Acceptance Company of California (NACC) entered into a loan and security agreement with Lake Shore Equipment, Inc., a Delaware corporation doing business in Arizona. On the same date NACC obtained from Leonard and Myra Levin, husband and wife, a guaranty for Lake Shore's obligation to NACC.

On February 25, 1987, Lake Shore commenced Chapter 11 proceedings in the bankruptcy court, Tucson, Arizona. On March 19, 1987, NACC filed a suit in the Maricopa County Superior Court against the Levins, seeking to enforce the guaranty. On April 13, 1987, the Levins filed a removal petition in this Court, alleging that the suit against them was "related" to the Lake Shore bankruptcy proceeding. Plaintiff NACC on April 24, 1987, filed the instant motion for remand, or in the alternative, for abstention. Thereafter, on May 11, 1987, defendant Levins filed an answer and counterclaim alleging that NACC's efforts with respect to the guaranty were "extreme and outrageous and was done for the sole purpose of causing Counterclaimants severe emotional distress." No other causes of action are alleged.

Defendants on June 5, 1987, filed a motion to compel reference of the instant motion to bankruptcy court in Tucson, citing Rule 55, Rules of Practice for the District of Arizona, and 28 U.S.C. § 157(a).

*Has this action been properly removed?*

■ Defendants assert that the suit is a matter "related" to a bankruptcy proceeding and therefore within the jurisdiction of this court.

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* [ ] Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (citations omitted; emphasis in original). In *Pacor* the court found the proceeding before it was not one related to a bankruptcy matter because

there would be no automatic creation of liability against Manville [the debtor in bankruptcy] on account of a judgment against Pacor. *Pacor is not a contractual guarantor of Manville,* nor has Manville agreed to indemnify Pacor, and thus a judgment in the Higgins-Pacor action could not give rise to any automatic liability on the part of the estate.

*Id.* at 995 (emphasis added). *See also In re Showcase Natural Casing Co., Inc.,* 54 B.R. 142 (Bankr.S.D.Ohio 1985); *Helena Chemical Co. v. Manley,* 47 B.R. 72 (Bankr. N.D.Miss.1985); *In re Kennedy,* 48 B.R. 621 (D.Ariz.1985).

In *Showcase Natural Casing* the court found that

an examination of the guaranty document convinces us that it does not make defendants only secondarily liable. Instead they are unconditionally liable upon the default of the debtor.

. . . .

We therefore have no doubt that the present suit is within the jurisdiction conferred by Congress on the district court in bankruptcy matters. Here, the requisite relationship is to be found because if there is a holding of liability against defendants on their guaranty, this will necessarily reduce plaintiff's claim against the debtor.

54 B.R. at 143–44.

In *Helena Chemical* the bankruptcy court found that a guaranty permitting the plaintiff to proceed directly against the guarantor in the event of the debtor's bankruptcy was a " 'non-core' or 'related' " proceeding. 47 B.R. at 75.

*Kennedy* is sparse on facts. *Kennedy* was a fraud action and defendants removed on the basis that

if plaintiffs succeed in their fraud and damage actions, defendants will seek indemnification and/or to implead debtors into the state action.

. . . .

In its present configuration, the state litigation is only a precursor to defendant's potential indemnification claims against debtors. Should the litigation result in a judgment against defendants, it would in no way be binding on debtors, who would still be free to litigate any available defenses of a subsequent indemnification claim.

48 B.R. at 622.

Defendants in the instant matter state in the petition for removal

Defendants Leonard D. Levin and Myra A. Levin executed and delivered to NACC a continuing Guaranty whereby Defendants guaranteed any indebtedness incurred by Lake Shore under the above referenced note and security agreements.

. . . .

That should NACC be successful in its State court action against Defendants, then Defendants will have the right to seek indemnification from the Debtor Lake Shore pursuant to 11 U.S.C. § 502 and 11 U.S.C. § 510 providing for subordination of certain claims;

. . . .

Petition for Removal at 2.

Unlike the defendant in *Pacor,* the Levins are contractual guarantors of the bankruptcy debtor, *see* 743 F.2d at 995, and a satisfaction of Lake Shore's obligation to NACC in either proceeding will affect whatever obligation remains outstanding in the other proceeding. *See Showcase Natural Casing,* 54 B.R. at 144. And while the record in this proceeding does not define the relationship between the Levins and Lake Shore, it does appear that a finding of liability against the Levins on the guaranty is more than a precursor of potential liability on the part of Lake Shore to defendants. *See Kennedy,* 48 B.R. at 622. *See also Mobile Discount Corp. v. LuBean,* 134 Ariz. 350, 352, 656 P.2d 639, 641 (Ct.App. 1982) (two theories by which a guarantor may obtain indemnification from a principal: either under an implied promise of reimbursement or as a subrogee to the rights of the creditor).

The circumstances of the instant case are such that it is a proceeding "related" to the Lake Shore bankruptcy proceedings.

■ The inquiry respecting removability does not, however, end with the above finding. Title 28, United States Code, section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise.

The above language mandates abstention and remand when the predicate circumstances are present. *In re Borchardt,* 56 B.R. 791, 793 (Bankr.D.Minn.1986) (abstaining and remanding to the state court a foreclosure proceeding against the debtor removed by the debtor from the state court); *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.,* 51 B.R. 578, 583 (Bankr.N.D.Ind.1985) (abstention and remand to state court of a real estate contract suit against the debtor). These predicate circumstances are: (1) the action was commenced in state court; (2) it can be timely resolved there; and (3) it involves a state law claim; and (4) there is no independent basis for federal jurisdiction other than its relatedness to a bankruptcy. *Borchardt,* 56 B.R. at 793; *Allen County,* 51 B.R. at 583.

■ The action by NACC against the Levins is a contract action involving no questions of bankruptcy law, commenced in the state court and which can be timely adjudicated there. At issue is whether there exists an independent basis for federal jurisdiction.

Defendants argue "[t]he present case could have been commenced in Federal Court based upon the diverse citizenship of Plaintiff and Defendants[,] 28 USC § 1332", thus providing an independent federal jurisdictional basis for the action and thereby making section 1334(c)(2) inapplicable. Citing *Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (Bankr.M.D. Ga.1985); *Maryland Nat'l Indus. Fin. Corp. v. Gold Dust Coal Co.,* 49 B.R. 288, 12 Collier Bankr.Cas.2d 1252 (Bankr.N.D. Ill.1985).

*Macon Prestressed* involved an out-of-state creditor asserting claims in a bankruptcy proceeding in the debtor's state. The debtor counterclaimed in the bankruptcy proceeding against the creditor, alleging fraud and seeking an offset and punitive damages. The creditor moved to have the counterclaim removed from the bankruptcy court and transferred to a district court in Alabama (the creditor's state). The bankruptcy court to whom the motion was addressed, in reviewing reasons why it should or should not hear the counterclaim, touched upon section 1334(c)(2) and found the statute was inapplicable, "as the parties are citizens of different states," citing

the diversity statute, 28 U.S.C. § 1332(a)(1). 46 B.R. at 729.

*Maryland National* involved an adversary proceeding initiated by a secured creditor of the debtor against five other creditors of a wholly-owned subsidiary of the debtor. The adversary defendants filed a joint motion in the bankruptcy court to dismiss or transfer, premised upon jurisdictional infirmities with respect to the bankruptcy court. Though the court granted the motion, one of the grounds it rejected was premised on section 1334(c)(2), finding that Maryland National "could have brought its action in federal court on the basis of diversity jurisdiction." 12 Collier Bankr.Cas.2d at 1257 n. 6.

Comparing the circumstances of those cases with the instant matter and the premises upon which the courts addressed section 1334(c)(2), *Macon Prestressed* and *Maryland National* are not persuasive as regards this question.

While NACC could have brought this action in the district court, citing diversity, it chose not to. Having filed the action in the state court and defendants having removed the action to this Court, the removal statutes cannot be ignored. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979) ("removal statutes are strictly construed against removal").

Title 28, United States Code, section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). *See also Day v. Avery*, 548 F.2d 1018, 1022 (D.C.Cir.1976) ("an action involving no federal question cannot be removed to a federal court if any defendant is a resident of the forum state"); *Midwestern Distribution v. Paris Motor Freight Lines*, 563 F.Supp. 489, 491

(E.D.Ark.1983) ("Where subject matter jurisdiction is based solely on diversity the case may be properly removed only if none of the defendants is a citizen of the forum state."); *Kaneshiro v. North American Co. for Life & Health Ins.*, 496 F.Supp. 452, 455 (D. Hawaii 1980) ("None of the defendants may be a citizen of the state in which the district court is located.").

Defendants state they are citizens of Arizona. Response at 7. The complaint filed in the state court does not contain a federal claim. The action may not, therefore, be removed.

Defendants being unable to remove this action in the first instance, they cannot now rely on the diversity statute as an independent basis for federal jurisdiction such as to defeat the mandatory provisions of section 1334(c)(2).

*Should this matter be referred to the bankruptcy court?*

■ Defendants have moved to compel reference of the remand motion to the bankruptcy court. Cited as authority for the motion to compel are 28 U.S.C. § 157(a) and Rule 55(c)(1), Rules of Practice for the District of Arizona.

Rule 55, adopted after *Northern Pipeline*, was adopted for a limited duration and purpose. The District of Arizona, by General Order No. 122, provided that Rule 55 would

> remain in effect until Congress supersedes the purpose of this General Order by enacting legislation which establishes the Bankruptcy Court System.

Gen. Order No. 122 (D.Ariz. April 1, 1984).

The Congress having enacted the necessary legislation, Rule 55 was effectively rescinded July 10, 1984, the date Pub.L. 98–353, amending the bankruptcy act and federal jurisdiction statutes, was approved. *See* 98 Stat. 333.

Title 28, United States Code, section 157(a), upon which plaintiff also relies, is permissive and not mandatory, i.e.,

> "[e]ach district court may provide that any or all cases ... related to a case

under title 11 shall be referred to the bankruptcy judges for the district.

Rule 55 having been rescinded, there no longer exists a basis for automatically referring "related matters" to the bankruptcy court.

Accordingly,

IT IS ORDERED remanding this matter to the Superior Court in and for the County of Maricopa.

IT IS FURTHER ORDERED denying the motion to compel reference.