**RIVER CEMENT COMPANY, Plaintiff,**

v.

**BANGERT BROTHERS CONSTRUCTION COMPANY, National Union Fire Insurance Company of Pittsburgh, PA and, Sheridan J. Buckley, Trustee in Bankruptcy for CSI Trucking, Inc., Defendants.**

Civ. A. No. 94–B–534.

United States District Court, D. Colorado.

May 16, 1994.

David Daniel Powell, Jr., Holland & Hart, Denver, CO, Richard P. Sher, John C. Rasp,

Peper, Martin, Jensen Maichel and Hetlage, St. Louis, MO, for plaintiff.

J. David Arkell, William J. Bourke, Clanahan, Tanner, Downing & Knowlton, Denver, CO, Marvin T. Fabyanske, Paul L. Ratelle, Fabyanske, Svoboda, Westra, Davis & Hart, P.A., Minneapolis, MN, for defendant Bangert Bros.

Mary Jo A. Jensen, Sheridan J. Buckley, Buckley & Jensen, St. Paul, MN, for Sheridan J. Buckley.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff River Cement Company (River) moves pursuant to §§ 28 U.S.C. § 1334(c)(1), 1334(c)(2) and 28 U.S.C. § 1452(b) to abstain and remand this action to the District Court of the State of Colorado, City and County of Denver. Also before me is defendants' Bangert Brothers Construction Company, Inc. (Bangert), National Union Fire Insurance Company of Pittsburgh, P.A. (National Union), and Sheridan J. Buckley, Trustee in Bankruptcy for CSI Trucking, Incorporated, (CSI) (collectively defendants) motion to transfer venue. These motions are fully briefed and oral argument will not materially assist in their resolution.

### I.

River commenced this case in Denver state court against Bangert, National Union, and CSI. Two days later, the court issued a delay reduction order. Bangert was the general contractor for certain paving and lighting work at the Denver International Airport (the project). National Union is Bangert's bonding company. CSI was a subcontractor of Bangert. River contracted with CSI to supply cement for the project. River asserts claims against Bangert and National Union under C.R.S. §§ 38–26–105 and 38–26–107 and under surety and payment bonds issued by National Union, to recover amounts owed by CSI.

River also asserts claims against CSI for breach of contract. However, before this litigation began, CSI filed a petition in the United States Bankruptcy Court in the District of Minnesota (the bankruptcy court) for chapter 11 relief. Currently, CSI is in the process of liquidating under Chapter 7. River has named CSI to avoid any argument that it has failed to name an indispensable party. Bangert and CSI assert counterclaims against River for breach of warranty, breach of contract, negligence, negligent misrepresentation, unenforceability of damage limitation, failure to disclose, and promissory estoppel.

Before filing this lawsuit, River obtained an order from the bankruptcy court lifting the automatic stay so that this suit could be brought against CSI in Colorado's state court. River's application specifically informed both CSI and the bankruptcy court that this suit would be filed in state court in Colorado. CSI did not object to the application nor did it ask the court to condition its order on the filing of this case in a different court. The bankruptcy court did not impose any conditions on its order.

The defendants removed this case from Colorado state court to this court under 28 U.S.C. § 1452 and based on this court's jurisdiction under 28 U.S.C. § 1334. This court has non-exclusive subject matter jurisdiction over this action under § 1334. No basis for federal jurisdiction exists other than § 1334. After filing the notice of removal, defendants filed a motion to transfer this case's venue to the United States District Court, District of Minnesota. River opposes defendants' motion.

There is another case pending before the United States District Court, District of Minnesota (the Minnesota litigation) originally captioned *In re CSI Trucking, Inc., Debtor, CSI Trucking, Inc., Plaintiff v. Bangert Brothers Construction, Inc., and Kiewit Western Company, Defendants.* Two months after River commenced this case in Colorado, CSI filed a motion to join River, Americas Insurance Company, Allendale Mutual Insurance Company, and Meridian Aggregates as defendants in the Minnesota litigation. The defendants inform me that, if this case is transferred to the District of Minnesota, they will seek to have it consolidated with the Minnesota litigation.

River has also filed a motion asking me to abstain from hearing this case and to remand it to the Denver district court. For the following reasons, I will remand this case to state court. Accordingly, the defendants' motion to transfer the venue of this case will be denied as moot.

## II.

Even if abstention is not warranted here, I would still have to consider River's motion to remand. Accordingly, the motion to remand is addressed first. Section 1452(b) of title 28 states: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The court in *In re Finley*, 62 B.R. 361, 366 (Bankr.N.D.Ga.1986) listed the various equitable considerations that warrant a decision to remand under § 1452(b) as follows: 1) duplication of judicial resources; 2) uneconomical use of judicial resources; 3) effect of remand on the administration of the bankruptcy estate; 4) case involves questions of state law better addressed by a state court; 5) comity; 6) prejudice to the involuntarily removed parties; 7) lessened possibility of an inconsistent result; and 8) expertise of the court where action originated. *Id.* at 366. When applied to the facts in this case, these equitable factors strongly favor remanding this case to state court.

Without explanation, the defendants contend that duplication and uneconomical use of judicial resources will occur only if remand is ordered. This argument is without merit. First, there is little, if any duplication, between this case and the bankruptcy proceedings. Second, even if River's remand request is denied and the defendants' motion to transfer venue is granted, I am not convinced that this case would be consolidated with the Minnesota litigation. There are four parties in that litigation who are not parties here and there are numerous factual and legal issues unrelated to any of the issues in this case. As for the effect of remand on the administration of the bankruptcy estate, this case's connection to the bankruptcy proceedings is minimal. Furthermore, the bankruptcy court specifically authorized River to commence this action in state court and CSI did not object.

*Finley's* fourth, fifth and eighth factors further support my decision to remand. This case is based entirely upon state law and relies, in part, upon Colorado's tort reform law, including the abolition of joint and several liability and the adoption of a comparative fault scheme. A Colorado state court is the more appropriate forum to address these unsettled questions of state law as its expertise lies in the application of Colorado law.

In arguing that River will not be prejudiced or inconvenienced in any way by maintaining this action in federal court, the defendants fail to recognize several important factors. First, the defendants advise me of their intent to seek consolidation with the Minnesota litigation in the event this case remains in federal court and is transferred to Minnesota. River asserts numerous reasons as to why the transfer of venue and consolidation is prejudicial to it. In part, River contends, and I agree, that a Minnesota venue is inconvenient for the witnesses, the majority of the documents are located in Colorado, and the issues and parties in the Minnesota litigation differ significantly from those in this case. Second, remanding this case will likely result in an earlier trial date. Third, River's choice of the state forum is entitled to substantial deference. *Miceli v. Stromer*, 675 F.Supp. 1559, 1565 (D.Colo. 1987). Accordingly, I am not convinced that River will not be prejudiced or inconvenienced should I deny its motion. Finally, the defendants fail to assert what, if any, inconsistency will result if this case is remanded. Based upon the forgoing analysis of the factors controlling remand, I conclude that remand is overwhelmingly appropriate.

Since I am remanding this case pursuant to § 1452(b), I need not address whether abstention, mandatory or discretionary, is appropriate under §§ 1334(c)(1) or 1334(c)(2) where, as here, the case is removed from state court. Furthermore, defendants' motion to transfer venue is denied as moot.

Accordingly, IT IS ORDERED that River's motion to remand IS GRANTED, the defendants' motion to transfer venue is DENIED as moot, and this case shall be re-

manded to the court from where it was removed.