**BETHESDA BOYS RANCH,
et. al., Plaintiffs,**

v.

**ATLANTIC RICHFIELD COMPANY; Chevron USA, Inc.; Union Oil Company of California; Texaco, Inc.; Uplands Resources, Inc.; Fair Oil Company; Gemini Oil Company; Triton Producing Co.; Producers Oil Company; Sharp Finance Corporation; Thompson Oil & Gas Company; Fell Oil & Gas Company; Reddy Oil & Gas Corporation; Country Investments, Inc.; Fair Oil Ltd.; Pioneer Corporation; Resources Operations, Inc.; Energy Lease Services, Inc.; Hyperion Energy, L.P.; Hyperion Resources, Inc.; Advance Energy Systems, Inc.; Helmco, Ltd.; Crasco Oil Co.; Ramey Oil Corporation; Western Petroleum Co. Inc.;**

Sunbeam Petroleum Company; Quartet Oil Company; Layton Oil Company; The Bradley Producing Company; Ramey–Sharp; Keener Oil Co.; Glenn Pool Producers Association Company, Inc.; and John Does 1 through 82, Defendants.

No. 96–CV–655–C.

United States District Court,
N.D. Oklahoma.

March 7, 1997.

James E. Frasier, Steven R. Hickman, Frasier, Frasier & Hickman, Tulsa, OK, Michael E. Smith, Robert N. Barnes, Barnes, Smith & Lewis, Oklahoma City, OK, Jessie V. Pilgrim, Tulsa, OK, for Plaintiffs.

William R. Keffer, Gardere & Wynne, Dallas, TX, J. Randall Miller, Steven J. Adams, Gardere & Wynne, L.L.P., Tulsa, OK, Robert E. Meadows, Gardere, Houston, TX, for Atlantic Richfield Co., Chevron USA, Inc.

Mark A. Jones, Union Oil Co. of California, Sugar Land, TX, Kenneth H. Blakely, Robert D. Edinger, Edinger & Blakley, P.C., Oklahoma City, OK, for Union Oil Co. of California.

M. Benjamin Singletary, Ronald N. Ricketts, Dennis Cameron, Gable & Gotwals, Tulsa, OK, Joel Hubscher, Texaco Inc. Legal Dept., Denver, CO, for Texaco, Inc.

David R. Cordell, Conner & Winters, Tulsa, OK, Lee I. Levinson, Bodenhamer, Levinson & McPhail, Tulsa, OK, Michael L. Darrah, Bill M. Roberts, Durbin, Larimore & Bialick, Oklahoma City, OK, Walter M. Jones, Jones Law Office, Bristow, OK, for Upland Resources, Inc.

Randall E. Rose, George W. Owens, Tulsa, OK, for Fair Oil Co., Gemini Oil Co., Crasco Oil Co., Ramey–Sharp.

Chris L. Rhodes, III, Michael F. Smith, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, OK, for Triton Producing Co.

James D. Bryant, Gail R. Runnels, Holliman, Langholz, Runnels & Dorwart, Tulsa, OK, for Producers Oil Co.

Frederic Dorwart, J. Michael Medina, Richard J. Cipolla, Jr., Fred Dorwart, Lawyers, Tulsa, OK, for Fell Oil & Gas Co., Resources Operations, Inc.

Michael L. Darrah, Bill M. Roberts, James K. Larimore, J. John Hager, Jr., Durbin, Larimore & Bialick, Oklahoma City, OK, Rodney D. Stewart, Oklahoma City, OK, for Reddy Oil & Gas Co., Western Petroleum Co., Inc.

Jessie D. Swift, Mannford, OK, for Energy Lease Services, Inc.

Stephen Q. Peters, Harris, McMahan & Peters, Tulsa, OK, Dena L. Mathis, Kyle & Mathis, L.L.P., Dallas, TX, for Hyperion Energy, L.P., Hyperion Resources, Inc.

John L. Randolph, W. Bland Williamson, Robert J. Winter, Pray, Walker, Jackman, Williamson & Marlar, Tulsa, OK, James C. Daniel, Daniel, Baker & Howard, Tulsa, OK, for Advance Energy Systems, Inc.

J. John Hager, Jr., Durbin, Larimore & Bialick, Oklahoma City, OK, Randall E. Rose, George W. Owens, Tulsa, OK, for Ramey Oil Corp.

ORDER

H. DALE COOK, Senior District Judge.

Before the Court are the motions to remand or in the alternative to abstain filed by plaintiffs and by defendants Reddy Oil and Gas Corporation, Ramey Oil Corporation and Western Petroleum Company. For the reasons set forth below the motions to abstain and remand are hereby granted.

This lawsuit was originally commenced in the District Court for Creek County, Oklahoma on August 24, 1995. Plaintiff brought this action against 28 named defendants, including Texaco as current and former oil and gas operators in an area known as the Glenn Pool Oilfield. Plaintiffs seek to hold the defendants jointly and severally liable for damages allegedly resulting from pollution of the groundwater underlying the 55 contiguous sections of land which comprise the Glenn Pool Oilfield in relation to the defendants' oil production activities.

On April 12, 1987, eight years prior to the commencement of this action, Texaco sought relief under Chapter 11 of the United States

Bankruptcy Code in the United States District Court for the Southern District of New York. On March 23, 1988, Texaco's plan of reorganization was confirmed. On October 9, 1991, the United States Bankruptcy Court issued the final decree in the Texaco Bankruptcy. Pursuant to the Confirmation Order of the bankruptcy court, Texaco was discharged from any and all claims and liabilities that arose prior to entry of the order, regardless of whether a proof of claim was filed or deemed filed, such claim was allowed, or the holder of such claim had accepted the plan of reorganization. Furthermore, the Confirmation Order permanently enjoined the commencement of any action, the employment of process, or any act to collect, recover or offset any debt discharged therein.

In Plaintiffs' Response to Texaco's First Request for Admissions, the plaintiffs admitted that they were seeking damages against Texaco for pollution of the groundwater allegedly occurring prior to March 23, 1988, the date of issuance of the Confirmation Order in the Texaco Bankruptcy. On July 18, 1996, within thirty days of receipt of plaintiffs' response pleading, Texaco filed its Notice of Removal to this Court under the provisions of 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b). Texaco and other defendants request the Court to retain jurisdiction by asserting that plaintiffs' action implicates substantive rights created by the federal bankruptcy laws and is a matter affecting the Texaco Confirmation Order because it allegedly attacks the integrity of a federal judgment.

In their Second Amended Petition filed on February 8, 1996, plaintiffs raise state law claims against the defendants and seek to recover the cost of cleanup and damages for the alleged groundwater pollution. The amended petition does not provide a date from which the alleged injuries and damages commenced. However, the plaintiffs are seeking damages against numerous current and historic operators for oil production activities spanning several decades. Certain defendants argue that the Court should retain jurisdiction over all defendants because plaintiffs are seeking joint and several liability against the defendants as a group. These defendants contend that partial remand of the case as to all defendants except Texaco would cause prejudice because they may have viable cross claims against Texaco for contribution and indemnity.

Most of the cases cited by the parties involve opinions issued by various bankruptcy courts and address the propriety of the bankruptcy court assuming jurisdiction to either reopen a final judgment previously issued in that forum or to remove and transfer a state action from one forum to another federal forum where the bankruptcy proceeding is active. Additionally there are few reported cases which address removal of a state action to a forum different from where a final bankruptcy proceeding was held.

After considering the parties' briefs, arguments and relevant law the Court finds as follows. Texaco timely removed this action under the provisions of 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b) within thirty days in which it knew or reasonable should have known that the state action was removable. This action which involves all state law claims is a non-core proceeding in that it "relates to" a nonforum bankruptcy proceeding in which the administration of the estate has been finalized and a judgment entered. Contrary to Texaco's assertions, the claims raised by the plaintiffs do not involve a core proceeding as defined under 28 U.S.C. § 157(b)(2)(I), as that provision addresses whether a particular "debt" is dischargeable in bankruptcy rather than whether claims are barred due to the entry of a confirmation order.

■■■ A state court has the authority and responsibility to enforce the provisions of a final judgment entered by a United States Bankruptcy Court. The judgment is entitled to full faith and credit recognition by any court, whether state or federal. In the event the state court would take any action which Texaco believes violates the Confirmation Order, Texaco can promptly petition for injunc-

tive relief with the Bankruptcy Court for the Southern District of New York. *See e.g. Matter of Chicago, Milwaukee, St. Paul & Pacific R.R.,* 6 F.3d 1184 (7th Cir.1993).

■■■ This action should be remanded as to all defendants, including Texaco due to the issues of joint and several liability. Regardless of the manner in which liability was plead, the proper allocation of liability must be determined by the evidence offered and applicable law rather than by the wording in the petition. Apportionment of liability between joint tortfeasors in which liability may be partially discharged, does not raise questions within the exclusive jurisdiction of the federal courts. Such issues can be briefed and resolved in state court. The wording of the petition is not a sufficient basis for this Court to retain an action which could not have originally been brought in federal count.

The Court finds and concludes that this action should be remanded under 28 U.S.C. § 1334(c)(2), which states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

■■■ Additionally, the Court finds and concludes that this action should be remanded under 28 U.S.C. § 1452(b) for equitable reasons.[1] This action was active in the state court for one year prior to removal. The administration of the bankruptcy estate is closed and a federal judgment entered, accordingly there is no potential for an adverse effect on the bankruptcy estate. Any forum, whether state or federal, has the authority and duty to give full faith and credit to a final judgment. No federal question is raised by recognition, enforcement, or interpretation of a federal judgment. All substantive claims raised herein are state law claims more appropriately adjudicated by a state court. Not all defendants consented to the removal to federal court. The action could not have originally been brought in federal court absent entry of the Confirmation Order which effects only one of 28 defendants.

Though there is some disagreement as to whether mandatory abstention applies to cases removed under § 1452, *Paul v. Chemical Bank,* 57 B.R. 8 (Bankr. S.D.N.Y.1985), it is clear that the provisions for mandatory abstention are strong factors suggesting equitable remand under § 1452(b). Section 1334(c) expresses a strong congressional desire that federal courts should not rush in to usurp jurisdiction from the state courts in non-core proceedings. Since the dispute involves purely state law claims, only one of 28 defendants have any basis for federal jurisdiction, and the action otherwise could not have originated in federal court, this Court will defer to the state court where this action originated to adjudicate the state law claims.

ACCORDINGLY, IT IS THE ORDER OF THE COURT that the motions to remand or alternative to abstain filed by the plaintiffs and by defendants Reddy Oil and Gas Corporation, Ramsey Oil Corporation and Western Petroleum Company is hereby GRANTED.

---

**1.** Equitable considerations include: Whether there will be duplication of judicial resources. Whether there will be an uneconomical use of judicial resources. What the effect of remand would have on the administration of the bankruptcy estate. Whether the case concerns questions of state law better addressed by the state court. Whether comity requires a remand. Whether there would be any prejudice to those parties involuntarily removed. Whether remand would lessen the possibility of inconsistent results. What is the expertise of the originating court. *See, River Cement Co. v. Bangert Bros. Const. Co.,* 852 F.Supp. 25, 27 (D.C.Colo.1994).